Per Curiam.

We are of opinion, on the first point, that the plaintiff is not entitled to recover. The defendant in his capacity of master, has clearly performed his duty. In his character of bailee or consignee of the goods, . ^nothing more, under the circumstances in which he [*179] was placed at Bourdeaux, could be reasonably required than what appears to have been done. He could not sell without a purchaser, and considering his double capacity of master and consignee, of which the plaintiff was fully apprised, he was not obliged to wait an indefinite period to effect a sale. He would no doubt have been liable for fraud, or gross neglect, crassa negligentia, but acting with good faith, he was bound to exercise ordinary attention and diligence only, which he appears to have done.(a)
*220 The parties submitting to this opinion, a judgment of non-suit was directed to be entered.

 An agent is not only liable for “ fraud or gross neglect, crassa negligentia” but for ordinary negligence, that is, the omission of that degree of diligence which persons of common prudence are accustomed to use about their own business. And this is the common rule in cases where the contract, like that of agency is made with a view to the benefit of both parties. Chapman v. Walton, 10 Bing. 57. Madeira v. Townsley, 12 Martin, 365. Leverick v. Meigs, 1 Cowen, 645. Brouissard v. De Cloets, 18 Martin, 260. Savage v. Berkhead, 20 Pick. 167. Story on Agency, § 183. (For the Roman, French and Scotch law, see id. § 184, and references.) Molloy, B. 3, c. 8, § 10. 3 Chit, on Comm. & Manuf. 215. Paley on Agency, by Lloyd, 77, 78. 1 Livermore on Agency, 331-341. (edit. 1818.) When extraordinary emergencies arise the agent is clothed, from the necessity of the case with extraordinary powers, and his acts fairly done under such circumstances, are binding upon his principal. Drummond v. Wood, 2 Caines, 310. Forrester v. Boardman, 1 Story, R. 43. Listard v. Graves, 3 Caines, 226. Judson v. Slurges, 5 Day, 556, 560. Story on Agency, § 141, 85, 118, 1.93, 194, 237, 455. Thus a factor may violate his orders to sell at a stipulated price if the goods are perishable, and the sale necessary to prevent a greater loss ; 3 Chit, on Comm. & Manuf. 218 ; 1 Comyn on Cent. 236 ; but see Anon, 2 Mod. 100 ; or acquire a right to insure, though unauthorized, to prevent an irreparable loss to his principal. See Wolf v. Horncastle, 1 Bos. & Pul. 323. So an agent directed by his principal to place his funds in a certain place may be justified or excused in sending them to another place, if there be reasonable ground of alarm, and danger, which prevents him from obeying his orders. Perez v. Miranda, 18 Martin, 494. See also Chapman v. Morton, 11 Mees. 6 Welsh. 534.