# MEMORANDA

CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS
VOLUME, WHICH ARE NOT REPORTED IN FULL.

---

SOLOMON LOEB et al., Respondents, *v.* THEODORE HELLMAN et
al., Appellants.

The refusal of a trial court, to whom a case is submitted for determina-
tion, to find, upon a question of law involved, as requested by the defeated
party, is not error requiring a reversal of the judgment here, although
the request might well have been granted, if this court arrives at the
same final conclusion as to the right of recovery.

As a general rule, and in the absence of an express agreement imposing a
different liability, an agent engages simply for ordinary care and skill in
the discharge of the duties of his agency, and is only liable to his princi-
pal for injuries resulting from a want thereof.

The liabilities, however, of the agent may be enlarged by express contract,
and he may undertake to insure his principal.

(Argued September 27, 1880 ; decided November 30, 1880.)

THIS case was tried before a judge and jury. At the close
of the proofs each party conceded that the evidence presented
no disputed question of fact for the jury, and that it was only
for the court to apply the law. Several requests were made
by the defendants, conveying to the court their notion of the
law of the case. None of these were acceded to by the court.
The court here say, as to these requests, " one of them, per-
haps more than one, might well have been. But the refusal
so to do, as the case was submitted to the trial court, is not
error calling for a reversal of the judgment, though we differ
in opinion from the trial court in respect thereto, if we arrive
at the same final conclusion, that the plaintiffs are entitled to
recover."

The parties hereto entered into a contract, evidenced by letters passing between them, by which defendants agreed to purchase for plaintiffs, at New Orleans, foreign bills of exchange. It was claimed upon the part of plaintiffs, in substance, that the bills purchased should be accompanied and secured by valid bills of lading for shipments of cotton, and that each bill of lading was to be accompanied by a certificate of insurance, save where the cotton was insured abroad, in which case defendants were required to have proof of such insurance. Defendant purchased two bills which were not protected by any shipment of cotton, but which were accompanied by forged bills of lading. Defendants charged to plaintiffs the amount of these bills, and also charged the amount paid for insurance on a shipment of cotton, where they had purchased a bill of exchange without a certificate or proof of insurance. Acceptance of the two bills of exchange was refused. Plaintiffs claimed that they were improperly charged with the amount thereof, and also with the insurance. The principal controversy was as to the interpretation of the contract between the parties. The court here held that the language, viewed in the light of the surrounding circumstances, sustained the contention of the plaintiff. As to the general principles involved the court say:

"In the transactions involved in this action the general relation of the parties to each other was that of principal and agent. The defendants were appointed to do something, to wit: to buy bills of exchange for the plaintiffs, for and in the place of the plaintiffs; and the like of that makes an attorney in fact, or an agent. (Com. Dig., 'Attorney,' A.) It is a relation that is formed by contract, which may be in writing or by parol, or may be implied or inferred from circumstances. When the agency is thus implied or inferred, the duty or obligation that the agent takes upon himself is that which the law always declares, in the absence of express stipulation by the parties. It is, that the agent is understood to engage for reasonable skill and ordinary diligence, and is liable only for injuries to his principal growing from a want of that skill and from ordinary negligence. (*Leverick* v. *Meigs*, 1 Cow. 645; *Lawler* v. *Keaquick*, 1 Johns. Cas. 174.) And this is the rule,

because the relation constituted in such cases is generally one for the benefit of both parties. (Story on Bailments, § 23.) So, too, where the relation is formed by express contract, either written or in parol, the duty or obligation of the agent may be no greater; for the written or parol agreement may be so general in its terms as that the law will then declare the extent of the liability of the agent, or the contract may fitly square with the general rule of law and fix upon him no further obligation.

" In this case, however, we are not to determine or inquire whether or not the defendants had and put forth that skill and diligence, and were free from that negligence; for the trial court, in directing a verdict for the plaintiffs, declined to put the case, or to tell the jury to rest it, upon a consideration of that question.

" Though the law thus declares the rule, the contract of the parties may vary it, *conventio vincit legem.* The duty required by the law in general from a factor or agent may be narrowed by the covenant to a smaller compass than that which the bare employment would itself create. (*Shepherd* v. *Maidstone,* 10 Mod. 144.) And so it may be enlarged beyond that. Wharton defines an agency as a contract by which one person, with greater or less discretionary powers, undertakes to represent another in certain business relations. (Whart. on Agency, § 1.) *Del credere* is a term of mercantile law, used to denote the agreement which sometimes an agent or factor undertakes. He receives an additional compensation or commission, and, therefore, undertakes to insure to his principal the solvency of the purchaser. (*Morris* v. *Cleasby,* 4 M. & S. 574.) The mention of this just here is of use only as showing that an agent may specially agree for a greater liability than the law would impose upon an agency created in general terms. (And see *Shepherd* v. *Field,* 70 Ill. 438.) "

*Francis Lynde Stetson* for appellants.

*John E. Parsons* for respondents.

FOLGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.