Anderson v. Wheeler.

---

ANNA D. ANDERSON, Respondent, v. WILLIAM N. WHEELER, Appellant.

Kansas City Court of Appeals, May 20, 1907.

1. DECEIT: Principal and Agent: Evidence. The evidence relating to a transaction involving the exchange of land is reviewed and held to show that the defendant was the plaintiff's agent and that his acts amounted to an unqualified fraud, when his conduct should have been marked with the greatest circumspection. [Hume v. Brelsford, 51 Mo. App. 651, distinguished.]

2. EVIDENCE: Opinion: Qualification of Expert: Harmless Error. Witnesses should not be permitted to give their opinion of the value of real estate until they are qualified by showing their knowledge of real estate values in the neighborhood, but the error is held under the circumstances, harmless.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*West & Bresnehen* for appellant.

(1) The court erred in refusing defendant's demurrer to plaintiff's evidence. There was no evidence that the defendant made any statement of fact to the plaintiff, either true or false, with respect to the Dade county property. It is elementary that in order for a false statement to be the basis of an action for fraud and deceit, the false representation must be with reference to an existing fact. It must be a statement that purports to be in relation to a fact, or facts, within the knowledge of the person making the statement. If it be merely the expression of an opinion (except the opinion of one who has a particular knowledge, as that of an expert), or if it be the mere repetition of hearsay, the statement, however false, can not be the basis of an action for fraud and deceit. Hume v. Brelsford, 51 Mo. App. 651; Duffany v. Furguson, 66 N. Y. 482; Cooley on Torts, p. 483; Pomeroy's Equity Jurisprudence (2 Ed.), sec. 878; Oberlander v. Spiess, 45 N. Y. 179. (2) These witnesses did not disclose that they had any knowledge of the value of real estate in Dade county, or elsewhere.

*Thomas P. Burns* for respondent.

Chase v. Rusk, 90 Mo. App. 25; Shinnbarer v. Sheton & Lane, 41 Mo. App. 115; McBeth v. Craddock, 28 Mo. App. 380.

BROADDUS, P. J.—This is an action for fraud and deceit. At the close of plaintiff's testimony the defendant asked the court to declare as a matter of law that under the proof she was not entitled to recover. The court refused defendant's request and submitted the case to the jury under certain instructions given at her instance. The jury returned a verdict for the plaintiff in the sum of nine hundred and fifty dollars, upon which judgment was rendered and defendant appealed.

The evidence showed that plaintiff was a woman

seventy-two years old; and that her husband was also old, and deaf. Both parties to this suit lived at Marceline, Missouri, at which place plaintiff owned three lots of ground with a house thereon of the value of twelve hundred and fifty dollars free of all incumbrances except a small amount for taxes. Plaintiff had known defendant for many years. Defendant was engaged in real estate and loan business and plaintiff had borrowed money from him.

About the first of January, 1906, plaintiff was at defendant's office to pay him some money she owed him, at which time she noticed in his window advertisements of farm lands for sale, whereupon she asked him if he had a small piece of land that he could trade for her house and lots. Defendant told her he could suit her and drew up a deed which she executed whereby she conveyed to him her said property. Shortly thereafter he told her that he had forty acres of land situated somewhere in South Missouri, which belonged to a man by the name of Martin. Later he told her that he had investigated the Martin land and advised her not to trade for it and that when he found anything to suit her he would come to her house. In February, after having had several conferences with plaintiff, he conveyed to a man by the name of Scovern a house and lot he owned in St. Catherine, the consideration for which was seventy-six acres of land in Dade county. Scovern, the owner, executed a deed for the latter but the name of the grantee therein was left blank. After receiving the deed he went to the plaintiff's home and told her that a railroad man at Carrollton had seventy-six acres of land, five miles from Greenfield and about thirty-five miles from Joplin, which he thought would suit her, or, in his own language, "I hit you now," and Scovern, the Carrollton man, would trade his land for that of plaintiff. In a short time thereafter defendant informed plaintiff that he had seen Scovern a few days previously and that he would meet

him on the following Monday at Carrollton and close the trade. About March 1 defendant delivered to plaintiff the deed from Scovern to the Dade county land with her name inserted as grantee and paid her by draft the sum of one hundred dollars, which he represented was all Scovern was willing to pay as the difference between the two pieces of property. A short time thereafter plaintiff vacated her home. It turned out that the Dade county land was of little value.

The evidence shows that defendant was acting as agent for plaintiff and that she was trusting him to act for her in the transaction. She testified as follows: "I says, 'Mr. Wheeler, now you know I depend on you as a friend and adviser,' and I says, 'You know the situation we are in. We are poor and we both are old and not able to do a hard day's work.' 'Now,' I says, 'You will do me right?' He says, 'Yes, I will never forget what my father said to me on his dying bed, whatever I done to always do right.' " Defendant in representing to plaintiff the value of the Dade county land said to her that he had never seen it, but that Scovern said it was worth seventeen hundred dollars. It was shown that he had never at any time in his life seen or had any conversation with Scovern.

The evidence shows that defendant's conduct was of the most fraudulent character. He knew all the time that plaintiff was trusting him implicitly to secure a trade for her home in Marceline for a small tract of farm land where she said she could keep a cow and her chickens. For the purpose of defrauding her his first step was to secure from her a conveyance to him of her home. He then had her in his power. On the pretext that the Martin land was not suitable, he persuaded plaintiff to wait, that he thought that he could find some trade to suit her. The opportunity was not long wanting. He procured a title from Scovern to the Dade county land in exchange for his own property in St.

Catherine. It is true he did not have himself mentioned as grantee in the deed from Scovern, but had it left blank, and we may rightly infer for the purpose of inserting the name of plaintiff as such. By the exchange the Dade county land became the property of defendant. He did not exchange plaintiff's property for it, but his own. All he had to do was to insert plaintiff's name in the Scovern deed and his purpose was consummated.

Defendant insists that he was not the plaintiff's agent, but that they were dealing with each other as principals, at arm's length. It seems to us that when he undertook to exchange plaintiff's property for his own he was acting in a double capacity, as agent for the plaintiff on the one hand and for himself on the other. Had his intentions been honest he would have acted with the greatest circumspection. He would have used the precaution to ascertain the condition and value of the Dade county land and its advantages in comparison with that of the plaintiff and made a full disclosure to her of its suitableness and value so that she might know what she was receiving. Defendant's telling plaintiff that Scovern said the Dade county land was worth seventeen hundred dollars was an unqualified falsehood. He had never at any time seen Scovern. And it is legitimate to infer from defendant's conduct that he was well informed of the quality and value of the land. He did not testify and introduced no evidence on his own behalf. If anything was lacking his silence under the circumstances was enough to condemn him. His pretense to the plaintiff that he would see Scovern and close the deal for the land in Dade county when he had in his possession at the time a deed for it from the owner is characteristic of defendant's conduct through the entire transaction. His acts amounted to an unqualified fraud. By his machinations he succeeded in robbing plaintiff of her little home under the guise of friendship. He shamelessly abused her confidence and seeks to justify

his conduct in that he and plaintiff were dealing as equals, and that if he cheated her he did it lawfully. It is not necessary to refer to authorities to sustain the action of the learned judge and the jury before whom the cause was tried. The conduct of defendant was calculated to shock the conscience of both judge and jury.

But defendant insists otherwise and contends that he is sustained by the decision in Hume v. Brelsford, 51 Mo. App. 651. In that case as well as this, defendant informed plaintiff that he knew nothing of his own knowledge of the land he was about to convey to plaintiff. In that case, the parties were dealing on equal terms. Brelsford was trading his property for that of Hume. The court held that there was only a bare suspicion that Brelsford was acquainted with the property he conveyed to Hume and that suspicion alone would not justify the court in declaring that the defendant had committed a fraud, and applied the doctrine of *caveat emptor*. But, as we have seen, the cases are wholly unlike in the one particular noted.

The defendant insists that the court in the admission of the evidence of witnesses Montgomery, Russell and Slawson, was error. The two former testified as to the value of the Dade county land and the latter as to the property in Marceline. The two first witnesses, after giving a description of the land were permitted to testify as to its value without first having stated that they were acquainted with the market value of such lands. Slawson was permitted to testify as to the value of the property in Marceline without first having qualified as to his knowledge of values. The evidence of these witnesses should have been excluded upon the objections of the defendant. But, as there was other competent evidence as to the value of the two properties, and as there was no evidence of a contradictory character, the error was harmless.

We have examined plaintiff's instructions and find that they are not subject to the objections made by the defendant. Cause affirmed. All concur.