## HAWES v. BIRKHOLZ.

(Supreme Court, Appellate Term. December 16, 1908.)

1. BROKERS (§ 38*)—LIABILITY TO PRINCIPAL—DISOBEDIENCE OF INSTRUCTIONS.

An action for damages will lie against a real estate agent, delivering a contract for the exchange of property to the other party in violation of his principal's instructions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 31; Dec. Dig. § 38.*]

2. PRINCIPAL AND AGENT (§ 116*)—LIABILITY OF PRINCIPAL TO THIRD PERSONS—SECRET INSTRUCTIONS.

A letter from a party to a contract for the exchange of real estate to the other party, sufficient to warrant the belief that the former party's agent was authorized to deliver the contract, is binding upon such party, though secret instructions had been given by him to the agent not to deliver the contract until further advised.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 377; Dec. Dig. § 116.*]

3. BROKERS (§ 38*) — LIABILITY TO PRINCIPAL — DISOBEYING INSTRUCTIONS — DAMAGES.

Where a real estate agent delivered a contract for the exchange of property to the other party in violation of his principal's instructions, the damage sustained by the principal in consequence of his refusal to perform the contract and the expenses of defending a suit by the other party's assignee for breach of the contract and of a suit by the agent for commissions are proper elements of recovery.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 36; Dec. Dig. § 38.*]

4. APPEAL AND ERROR (§ 221*) — PRESENTATION AND RESERVATION OF GROUNDS OF REVIEW—QUESTIONS NOT CONSIDERED BELOW—DAMAGES.

Whether a recovery of certain damages may properly be had for a delivery by a real estate agent of a contract for the exchange of property in violation of his principal's instructions cannot be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1354; Dec. Dig. § 221.*]

Appeal from City Court of New York.

Action by Gilbert Ray Hawes against Edward D. Birkholz. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gantz, Neier & McKennell, for appellant.
Gilbert Ray Hawes, for respondent.

FORD, J. This is an appeal by defendant from a judgment against him and from an order denying motion for a new trial.

Plaintiff intrusted a contract for the exchange of certain real estate to his agent, the defendant herein, with instructions not to deliver it until further advised. He contends that the agent delivered it to the other party to the transaction (a corporation) in violation of instructions. A letter previously written by plaintiff to the other party was sufficient notice that the agent had authority to deliver the contract to it. It received the instrument, and, upon plaintiff's refusal to perform, assigned its claim to one Schenck, who sued plaintiff for damages for the breach. Schenck in that suit recovered a verdict for $500 against the plaintiff in this suit. Plaintiff here sues his agent for the damages caused to him through the defendant's wrongful delivery of the contract; the items of such damage being the $500, together with $125 accrued interest, paid in discharge of the verdict (or judgment, it is not clear which), $250 counsel fee paid for defending the former suit, and $100 paid to counsel for successfully defending a second suit brought against the plaintiff here by his said agent for claimed commissions upon the real estate transaction in question.

That such a suit as this will lie against an agent for damages directly caused by his violations of his principal's instructions is elementary. 1 A. & Eng. Ency. of Law (2d Ed.) p. 1058. Since the letter from the plaintiff to the other contracting party was sufficient warrant for the belief that the defendant was authorized to deliver the contract, it became binding upon the plaintiff, notwithstanding the secret instructions given by him to the defendant not to deliver the contract until the plaintiff should have given him further instructions. The damages plaintiff suffered in consequence of his refusal to perform the contract and the expenses of defending the two suits brought against him are proper elements of damage.

Proof of such damage was made upon the trial without objection, and the question as to its propriety cannot be raised for the first time upon this appeal. The verdict was for $800, considerably less than the plaintiff's claim.

Had proper objection been made to the reception of testimony as to payment of the $625 verdict (or judgment), it would doubtless have presented reversible error upon this appeal, in the absence of notice to the defendant and opportunity given to him to defend the former suit. City of Rochester v. Montgomery, 72 N. Y. 65; Village of Port Jervis v. First National Bank, 96 N. Y. 550. No such question has been properly raised.

The judgment and order appealed from should be affirmed. All concur.