ISRAEL V. MYERS and SARAH C. MYERS, his
wife, Appellants, v. HERMAN C. ADLER, Respondent.

Kansas City Court of Appeals, April 5, 1915.

1. **PRINCIPAL AND AGENT: Agent's Liability to Principal.** It
is the duty of an agent to exercise reasonable skill, and ordinary care and diligence in the transaction of the business of his
principal and to be loyal to him, and when the agent violates his
duties or obligations to his principal by positive misconduct or
by negligence, and loss occurs to the principal thereby, the
agent is liable.

2. ——: ——: **Principal's Right to Rely on Loyalty and Diligence of certain Agents.** The principal has a right to rely upon
the care, skill, diligence and loyalty of his agent, especially in
the case of brokers because the law implies a promise on their
part to that effect.

3. ——: ——: ——: **Damages: Elements.** An agent by his
neglignnce or fraud led his principals into signing a contract
whereby they were placed in a situation, where if the contract
were carried out, they would lose a large sum of money. They
learned the true situation in time to rescind the contract and
refused to perform it, but had to expend a less sum of money to
defend a suit for specific performance which they finally won.
*Held*, that the expenses thus necesarily incurred were recoverable as damages in an action against the agent by the principals.
And this is true even though the expenses have not been paid at
the time suit against the agent was instituted.

4. **PLEADING: Objection to Introduction of Evidence: No Demurrer.** Where no demurrer has been filed, but the attack on

the petition is made by objection to the introduction of evidence the pleading is entitled to the benefit of every intendment in its favor. To justify such an attack the petition must be so fatally defective as to state no cause of action at all, so that if a judgment was rendered thereon, a motion in arrest would lie.

5. ——:  ——:  ——: Motion. If the facts alleged in the petition are sufficient to present a situation from which all the essential elements necessary to a recovery are stated or appear by necessary implication, the pleading should be *held* good as against a mere objection to the introduction of evidence thereunder, even though the petition be somewhat loose and indefinite in some of its allegations.

6. ——: Joinder of Count for Negligence with Count for Fraud. In an action by a principal against his agent it is permissible to join a count for negligence with a count for fraud where both grow out of the same transaction.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

REVERSED AND REMANDED.

*Park & Brown* for appellants.

(1) Defendant was bound to exercise ordinary care to correctly ascertain and accurately report to plaintiffs the facts about the Kansas farm. Switzer v. Connett, 11 Mo. 88, 89; 31 Cyc. 1456, 1459, 1460; 4 Am. & Eng. Ency. Law (2 Ed.), 968. (2) Defendant was in a fiduciary relation to plaintiffs and was bound to act with the utmost loyalty and good faith. Failure to do so renders him liable. Van Raalte v. Epstein, 202 Mo. 173; Anderson v. Wheeler, 125 Mo. App. 406; Dennison v. Aldrich, 114 Mo. App. 700, 708; Switzer v. Connett, 11 Mo. 88, 89; 31 Cyc. 1430. The allegations of the second count make out a case of actionable fraud and deceit. Stonemets v. Head, 248 Mo. 243, 255, 268; Burger v. Boardman, 254 Mo. 238, 252. (3) Counsel fees and other expenses necessary to annul the contract and protect plaintiffs from the consequences of defendant's wrongs are recoverable. Duncan v. Turner, 171 Mo.

App. 661, 678; Acker, etc., Co. v. McGaw, 111 Md. 153, 73 Atl. 731; Hawes v. Birkholz, 114 N. Y. Supp. 765; Curtley v. Saw. Soc., 46 Wash. 50, 89 Pac. 180. (4) If plaintiffs were liable to their counsel for fees, they may recover from defendant though the fees had not been paid when they instituted their action. Leisse v. Railroad, 72 Mo. 561, 2 Mo. App. 105, 118; Spengler v. Transit Co., 108 Mo. App. 329; Wilbur v. Railroad, 110 Mo. App. 689, 695. (5) Expenses incurred in the effort to reduce the loss caused by defendant's act are proper elements of damage. Dietrich v. Railroad, 89 Mo. App. 36; Logan v. Railroad, 96 Mo. App. 461; 13 Cyc. 78. (6) There was no misjoinder of causes of action. Both counts grew out of the same transaction and both are for injuries to property. R. S. Mo. 1909, sec. 1795. (7) Plaintiffs could not be lawfully compelled to elect between the respective counts, the one based on negligence and the other upon wilfulness or fraud. Waechter v. Railroad, 113 Mo. App. 270, 278. (8) There was no misjoinder of parties plaintiff. Both plaintiffs employed the defendant, both signed the contract complained of, both were sued by the Hixsons, both incurred the expense. The cause of action is joint. Even though the title was held by ordinary deed to Mrs. Myers, Mr. Myers had an interest in the property. Landy v. Kansas City, 58 Mo. App. 141, 144; Brownlee v. Fenwick, 103 Mo. 420.

*Griffin & Orr* for respondent.

(1) Plaintiff's petition does not state any facts sufficient to constitute any cause of action. Champion Foundry Co. v. Heskett, 125 Mo. App. 516; Ryan v. Miller, 236 Mo. 496; Brown v. Mining Co., 194 Mo. 681. (2) Defendant did not file nor instigate the filing of the specific performance suit nor the *lis pendens.* Duncan v. Turner, 171 Mo. App. 661; Harrison v. Craven, 188

Mo. 590; Turner v. Gibbs, 50 Mo. 556; 13 Cyc. 25 et seq.;
31 Cyc. 1469. (3) Attorney's fees are not recoverable
as damages. Kendrick v. Ryus, 225 Mo. 150; Kaufman
v. Davis, 161 S. W. 1181; Brewing Assn. v. St. Louis,
168 Mo. 37; 13 Cyc. 80-82. (4) There is a misjoinder
of causes of action. The first count is founded *ex con-
tractu.* The second count is founded *ex delicto.* Pride-
more v. Fife, 165 S. W. 1155; Jordan v. Transit Co., 202
Mo. 418; Southworth Co. v. Lamb, 82 Mo. 247.

TRIMBLE, J.—Herein an agent is sued by his
principals for loss occasioned by the alleged violation
of the agent's duty to them. The trial court sustained
an objection to the introduction of evidence on the
ground that the petition stated no facts sufficient to
constitute a cause of action. Thereupon, in due time,
plaintiffs appealed.

Where no demurrer has been filed, but the attack is
made on the petition by an objection to the introduction
of evidence after the trial has begun, the pleading is en-
titled to the benefit of every intendment in its favor.
[Downs v. Andrews, 145 Mo. App. 173.] To justify
such an attack, the petition must be so fatally defective
as to state no cause of action at all, so that, if a judg-
ment was rendered thereon, a motion in arrest would
lie. [Donaldson v. Butler County, 98 Mo. 163; Roberts
v. Walker, 82 Mo. 200.] Even if certain necessary alle-
gations are not expressly averred in the petition, yet
if they are necessarily implied by what is expressly
stated, the objection thereto should be made by motion
and not by an objection to the introduction of evidence.
[Murphy v. North British etc. Ins. Co., 70 Mo. App. 78.]
If, therefore, the facts alleged in the petition are suffi-
cient to present a situation from which all the essential
elements necessary to a recovery are stated or appear
by necessary implication, the pleading should be held
good as against a mere objection to evidence thereun-
der even though the petition might perhaps be thought

to be somewhat loose and indefinite in some of its state-
ments. But when we consider the relation existing be-
tween plaintiffs and defendant—that of principal and
agent—we think the petition was not lacking in its
statement of the essential facts necessary to recovery.
The principal has a right to rely upon the care, skill,
diligence and loyalty of his agent. And the agent in
turn owes those duties to his principal. Therefore, a
presentation of the facts showing the relation existing
between the parties, the duties owed by the defendant to
the plaintiffs by reason of that relation, the violation of
those duties by the agent and the loss resulting to plain-
tiffs by reason of that violation, states a good cause of
action for damages by principal against his agent. And
this we think the petition in this case does.

The first count alleges that plaintiffs owned certain
real estate in Kansas City worth $20,000; that defend-
ant was a real estate broker and held himself out to the
world, and especially to plaintiffs, as possessed of
peculiar knowledge and judgment in ascertaining the
values of real property in western Missouri and eastern
Kansas; that plaintiffs, believing him to be possessed
of such knowledge and judgment employed him to effect
an exchange of their property for income producing
farm land of good quality worth the value of plaintiffs'
property, and they relied upon defendant to effect such
exchange and to inform them accurately and truthfully
concerning the quality and value of any property he
might bring to their attention. Said count further
charges, in effect, that defendant had charge of and en-
tered upon negotiations with certain parties in Brown
county, Kansas to exchange their farm in that county
for plaintiffs' property and that defendant represented
plaintiffs in these negotiations; that defendant negli-
gently failed to ascertain the true facts concerning the
Kansas land, but negligently stated to plaintiffs that
the proposed exchange would be of great profit to them,
that he knew the Kansas land was a splendid farm

worth $25,000 over and above the incumbrance on it, that it was the best farm in that section, a good stock and grain farm with not over three and a half to four acres of waste land on it, and that defendant advised and urged plaintiffs to enter into a contract with the Kansas parties to exchange properties; that relying upon defendant's superior knowledge and judgment plaintiffs were induced by defendant to enter into a contract with said Kansas parties, and did execute said contract, whereby plaintiffs agreed to exchange their property for the Kansas property under certain terms in said petition stated. The said first count further alleged that said farm was not a good farm but was of white ashy soil only a part of which was tillable and that of inferior character producing meagre crops of poor quality, and the rest being waste land with thin or no soil, cut up by creeks and draws and consisting of rough and unproductive timber land, all underlaid with hard pan, much of it covered with gravel and of small value, the whole worth far much less than plaintiffs' property; that about two weeks after having entered into the contract, plaintiffs learned the facts and thereupon notified the opposite parties to the contract that they rescinded same and refused to convey their property thereunder; that thereupon the Kansas parties to said contract brought suit against plaintiffs for specific performance thereof and filed a *lis pendens* in the recorder's office whereby plaintiffs' title to their property has been clouded; that plaintiffs were compelled to defend said suit and in doing so were required to expend and obligate themselves to pay $2000 for counsel fees, witness fees, costs of depositions and other litigation expenses to annul said contract, and that said suit resulted in a final decree in favor of plaintiffs herein; wherefore plaintiffs pray judgment in the sum of $2000 and costs.

The second count set forth practically the same facts except that defendant was charged with having

entered into a conspiracy with cerain persons to deceive plaintiffs as to the quality of said Kansas land and cause plaintiffs to believe that it was a good and valuable farm and induce plaintiffs to exchange their valuable property for the worthless Kansas land; that defendant told plaintiffs that he had been on the farm in Kansas and was well acquainted with it; that it was the best farm in that section, the improvements were absolutely good, that the proposal to exchange properties would be the best bargain plaintiffs ever made, that he was a farmer and knew what good land was, that there were not over four acres of waste land in the entire farm with no hard pan or gumbo thereon, having a very valuable and productive orchard which alone yielded $800 a year and that plaintiffs ought to enter the proposed contract; that said statements were false and were known to be false and were material and made by defendant for the purpose of inducing plaintiffs to sign said contract, and that plaintiffs were ignorant of the facts, relied upon defendant's statements, believed them to be true and executed said contract. Said second count further alleged the other facts as stated in the first count to-wit, that after learning the facts they rescinded the contract and refused to convey their property, and that a suit was brought to compel specific performance of said contract and plaintiffs were compelled to expend and obligate themselves to pay $2000 for counsel fees, witness fees, costs of depositions, and other litigation expenses to annul said contract and defend said action and that said cause has resulted in a final decree in favor of plaintiffs herein; wherefore plaintiffs pray judgment for $2000 etc.

We think the petition stated a cause of action. It is a suit by two principals against their agent for a violation of his duty whereby they have suffered a loss. It is not a suit between parties who are strangers or adversaries dealing with each other at arms length and where each must beware and look out for himself. The

relation stated necessarily implies certain rights on one side and obligations on the other which do not appear in a suit where no such relation exists. Consequently, the same standard of express particularity in order to show liability is not required of such a petition as it is in a suit against a stranger for negligence or for fraud and deceit.

Defendant owed plaintiffs the duty to exercise ordinary care, skill and diligence to correctly ascertain and accurately report the facts to plaintiffs about the Kansas farm. He was in charge of that matter. It had been entrusted to and left with him. He could not assume to perform the task and do it carelessly to plaintiffs' damage. [31 Cyc. 1456, 1459, 1460; 4 Am. & Eng. Ency. of Law (2 Ed.), 968.] "Whenever an agent violates his duties ,or obligations to his principal . . . by positive misconduct or by mere negligence or omission . . . and any loss or damage thereby falls on his principal, he is responsible therefor, and bound to make a full indemnity." [Switzer v. Connett, 11 Mo. 88, l. c. 89.] It is the duty of the agent to "exercise reasonable skill and ordinary diligence, that is, the degree of skill ordinarily possessed and employed by persons of common capacity engaged in the same business, and the diligence which persons of common prudence are accustomed to use about their own business and affairs. For a loss to his principal from neglect of these duties he is liable." [Lake City F. M. Co. v. McVean, 32 Minn. 301; Leverick v. Meigs, 1 Cow. 645; Lawler v. Keaquick, 1 Johns. Cas. 174; Loeb v. Hellman, 83 N. Y. 601.] Plaintiffs had a right to believe that defendant would exercise reasonable care and diligence in the matter because the law implies a promise to that effect on the part of brokers and similar agents. [Gheen Morgan & Co. v. Johnson, 90 Pa. St. 38, l. c. 49.] Under the allegations of the first count, defendant was agent for plaintiffs and they were trusting him entirely to act for them in the transaction. Under these circumstances he

is required to act with at least the care and diligence that a reasonably prudent business man would exercise in his own concerns; he occupied a fiduciary relation and was bound to act with loyalty and good faith; and a failure in either one of these regards renders him liable. [Anderson v. Wheeler, 125 Mo. App. 406; Dennison & Co. v. Aldrich, 114 Mo. App. 700; Van Raulte v. Epstein, 202 Mo. 173.] "The relation of an agent to his principal is ordinarily that of a fiduicary, and as such it is his duty to act with entire good faith and loyalty for the furtherance and advancement of the interests of his principal in all dealings concerning or affecting the subject-matter of his agency, and if he fails to do so he is responsible to his principal for any loss resulting therefrom." [31 Cyc. 1430.]

The second count of the petition sets up the relationship of principal and agent and then charges the latter with fraud and deceit whereby plaintiffs were led into a contract, to extricate themselves from which, they were required and compelled to expend and obligate themselves to the extent of $2000. This clearly made out a case against the agent based upon his fraud. [Burger v. Boardman, 254 Mo. 238, 1. c. 252; Stonements v. Head, 248 Mo. 243, 1. c. 255, 268.]

It would seem to be clear that for a violation of the agent's duty toward his principal either through gross negligence or wilfully through fraud, whereby a loss occurred, a cause of action exists in favor of the principal and against the agent. The question then arises is the loss in this case, being expense plaintiffs incurred in extricating themselves from the contract, recoverable? The agent led them into the contract and by his negligence or wilful fraud they were placed in a situation where, if the contract was carried out, they would lose something in the neighborhood of $20,000. But they learned the true situation in time and rescinded the contract and refused to perform. Suit was brought against them to compel performance and to defend and

defeat that suit they were obliged to expend $2000. This was a direct result of the violation of defendant's duty, and one that could have been reasonalby anticipated as likely to happen upon plaintiffs discovery of the true facts and their refusal to carry out the contract. The expenditure was made necessary by defendant's wrong. If plaintiffs had not defended the suit they would have lost an amount equal to the value of their property. But by defending and defeating it their loss was reduced from that amount to the expense incurred in attaining that end. It was their duty to reduce the loss as low as possible. And the expenses incurred by them in reducing the damages flowing from the wrongful act are recoverable as a part of their damages. [13 Cyc. 78.] "The general rule is that costs and expenses of litigation, other than the usual and ordinary court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; but where the wrongful act of the defendant has involved the plaintiff in litigation with others, or placed him in such relations with others as make it necessary to incur expense to protect his interest, such cost and expense should be treated as the legal consequences of the original wrongful act. If the plaintiff's evidence be true, it was about to lose possession of the premises by the wrongful act of the defendant, and it was obliged to employ professional aid and incur expense to retain possession of the premises to which, as between itself and the defendant, it was entitled, and the necessary expense it incurred to regain the possession is an element of the injury." [McGaw v. Acker, 111 Md. 153, 1. c. 160.] In a suit by a principal against an agent, (a real estate broker), for damages sustained by a violation of the agent's duty, the expenses of defending a suit suffered in consequence of the principal's refusal to perform the contract brought about by the agent's wrongful act, are proper elements of recovery. [Hawes v. Birkholz, 114 N. Y. Supp. 765.] One dam-

aged by the wrong of another is in duty bound to protect himself from the injurious consequences thereof and expenses incurred in so doing are proper elements of damage. [Dietrich v. Hannibal & St. Joseph R. Co., 89 Mo. App. 36; Logan v. Wabash Ry. Co., 96 Mo. App. 461.] Plaintiffs' legal obligation and liability to pay these costs and expenses entitle them to include them in their recoverable damages even though they had not been actually paid at the time this suit was instituted. [Wilbur v. Southwest Electric Ry. Co., 110 Mo. App. 689; Spengler v. St. Louis Transit Co., 108 Mo. App. 329; Leisse v. St. Louis & Iron Mountain R. Co., 72 Mo. 561.]

There is no misjoinder of causes of action. Both counts grow out of the same transaction and both are for loss of property. [Sec. 1795, R. S. 1909.] Neither is one based on a cause of action *ex contractu* and the other on a cause *ex delicto*. They were properly joined in the same petition but stated in separate counts as they should have been. This was proper, and plaintiffs could not have been compelled to elect between them. [Weachter v. St. Louis & Meramac R. Co., 113 Mo. App. 270.] They were not contradictory and, therefore, were not destroyers of each other so as to render the petition a *felo de se*. One merely charged the agent with negligence, the other with wilful fraud. These were not inconsistent charges but were statements of two causes of action under which all the evidence could be submitted, and it would be for the jury to say which the evidence established if it established either of them.

It is not seen how there can be a misjoinder of parties plaintiff in this case. The plaintiffs are husband and wife. Both employed the defendant as agent, both signed the contract induced by him which got them into trouble, both were sued for specific performance, and both incurred the expense in defending that suit. The cause of action is joint.

It follows from what has been said that the petition is not vulnerable to attack by a mere objection to the introduction of evidence. The judgment, therefore, is reversed and the cause remanded. All concur.