KENNETH F. CLARK et al., as Executors of OLIVE E. MORGAN, Deceased, Plaintiffs, *v.* AMERICAN MORGAN COMPANY, Defendant.

First Department, June 28, 1944.

*Thomas A. Litsch* of counsel (*Clark, Higson & Litsch,* attorneys), for plaintiffs.

*David W. Swain* of counsel (*Irving K. Rubin* with him on the brief; *King, Taylor, Otheman & Swain,* attorneys), for defendant.

COHN, J.   The controversy submitted involves the construction of an agreement dated July 1, 1933, between Olive E. Morgan, plaintiffs' testatrix, and American Morgan Company, the defendant.   There is presented for determination the question whether decedent's estate has any interest: (1) in certain patents and applications for patents which decedent transferred to defendant, and (2) in a certain licensing agreement between decedent and defendant, on one side, and The Jeffrey Manufacturing Company, on the other, covering jointly those patents and applications, and patents and applications owned by defendant.

For many years prior to 1933 Olive E. Morgan and defendant owned separately certain related patents and applications for patents pertaining to mining machinery.   In order that a license, in the form of one agreement, might be granted to The Jeffrey Manufacturing Company to exploit all of said related patents and applications, decedent transferred her patents and applications to defendant.   The latter, with decedent, then entered into an agreement with The Jeffrey Manufacturing Company granting it a license to exploit all of said related patents and applications in consideration of payment of specified royalties, to be made to defendant, for a period of seventeen years beginning July 28, 1933.

Simultaneously with the transfer of her patents and applications to defendant and the granting of the license to The Jeffrey

Manufacturing Company to exploit all of the related patents and applications, decedent and defendant executed the agreement now in question.

By that agreement Olive E. Morgan agreed to assign and transfer her title to all of her individually owned patents to defendant so that the latter could enter into the tripartite agreement with The Jeffrey Manufacturing Company. In turn, defendant agreed to hold separate and apart and pay over to Olive E. Morgan " during [her] lifetime " 87½% of all money received as royalties from The Jeffrey Company under the tripartite license agreement and, in the event of the termination of the license agreement, to pay to Olive E. Morgan 87½% of the royalties received under any new license agreement or of the proceeds of any sale of the patents if made " during the lifetime of Olive E. Morgan ".

The license agreement made with The Jeffrey Manufacturing Company is still in force and effect. Olive E. Morgan, however, died on January 30, 1943, leaving a will under which the plaintiffs are named executors.

Defendant has taken the position that the death of Olive E. Morgan terminated her right to receive 87½% of the royalty payments paid by The Jeffrey Manufacturing Company to the Morgan Company under the license agreement.

Plaintiffs claim that the death of Olive E. Morgan did not affect or alter her rights; that as her executors they are entitled to receive 87½% of the 1943 royalty payment and of all future royalty payments; that they are the beneficial owners of the patents assigned by Olive E. Morgan subject only to the license agreement with The Jeffrey Manufacturing Company.

Notwithstanding that plaintiffs concede the agreement made between the decedent and defendant on July 1, 1933, was in form an absolute assignment of the decedent's rights in the patents, they urge that the arrangement between decedent and defendant constituted a joint venture and that defendant became trustee for the decedent in respect of her patents and applications for patents and of her interest in the licensing agreement and the royalties to be paid thereunder. Upon a consideration of all the facts submitted we are unable to reach such a conclusion.

The reservation of the right to share in the royalties and in the proceeds of any sale of the patents does not diminish or impair the effectiveness of the assignment which makes a complete transfer of title. Consideration paid in this manner is wholly compatible with the transfer by decedent of all property interest.

The agreement made between Olive E. Morgan and defendant was prepared and proposed by decedent. If an arrangement different from that embraced in the agreement were contemplated between them, it must be assumed that appropriate language expressing any other intention of the parties would have been employed.

The law is well settled that where the terms of a written contract are clear and unambiguous the intention of the parties must be found therein. (*Finucane Co.* v. *Bd. of Education,* 190 N. Y. 76; *Dwight* v. *Germania Life Ins. Co.,* 103 N. Y. 341.) Where a contract is reduced to writing it is presumed to embody the final and entire agreement of the parties. Words are to be understood in their plain and literal meaning and this rule is to be followed though the consequences may not have been within the contemplation of the parties. (Clark on Contracts [4th ed.], § 223, p. 558.) The other documents submitted in no wise modify or alter the express language of the agreement between the parties executed on July 1, 1933.

Weighing all of the facts presented, it is our view that the assignment was absolute in form and effect. Accordingly, defendant is entitled to judgment as prayed for, to wit, (1) that it is the unqualified owner of all the patents and applications for patents, the proceeds of sale of same, and of all royalty rights connected therewith; (2) that it is the unqualified owner of the entire royalty payment received by it after Olive E. Morgan's death in 1943.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously directed for defendant as prayed for, to wit, (1) that it is the unqualified owner of all the patents and applications for patents, the proceeds of sale of same, and of all royalty rights connected therewith; (2) that it is the unqualified owner of the entire royalty payment received by it after Olive E. Morgan's death in 1943. Settle order on notice.