■ In the Matter of EARL J. BRIGGS, JR., Doing Business as BRIGGS CONSTRUCTION COMPANY, Petitioner, v. RALPH C. PAGE, as Broome County Sales Tax Director, Respondent.— This proceeding to review a determination of the Broome County Sales Tax Director assessing sales taxes against petitioner, a building contractor, on building materials used in his construction contracts with two churches holding tax exemption letters, all materials having been invoiced to, and paid for by the churches, was previously before us (15 A D 2d 34) and was then remitted to the respondent Director for clear factual findings and for such further proof as he might find relevant. The legal and factual issues were discussed in our opinion in some considerable detail but some repetition is necessary to an analysis of the findings now before us. We stated (p. 36) the issue to be whether " the actual prices of the contracts were reduced by the amount of the tax exemption " or whether, as the Director argued, " the real beneficiary of the exercise of the churches' tax exemption privilege was the contractor "; and we held (p. 37) that " the issue should be resolved by the Director on a clear finding of what the parties agreed in fixing the price in the contracts and how they acted in pursuance of such an agreement." Upon remittal, petitioner and the architect who acted for both churches testified at some length, as they had done upon the hearings preceding our first review; and the discussion which follows relates to testimony appearing in both records.

With respect to the Blessed Sacrament Church contract, the architect testified that following the receipt of petitioner's bid, he instructed petitioner to deduct from the contract amount submitted on his form of bid the amount of the estimated sales tax, plus certain other items, "which reduced his contract amount to a figure to [sic] which the contract represents"; that this direction was made by an addendum (not in evidence) issued during the bidding period and was confirmed by a change order (in evidence) issued, for "clarification", after the contract date and providing, in part: "Contractors shall not include in their proposals any amount for local sales taxes against materials; inasmuch as the church organization has or will secure exemption certificates." As to the Universalist Church contract, he testified that the church board and he requested petitioner "to compute the amount of sales tax for materials in his proposal — in his original bid, and this was the amount that was deducted from the contract upon signatures." Petitioner testified that, in the case of each contract, his original bid included the estimated sales taxes but each bid was then "negotiated" so as to deduct the sales taxes from the final contract price. Obviously, this testimony is most general. As an example of its nonspecific nature, when asked if he recalled the amount actually paid by Blessed Sacrament Church, petitioner said, "Not the actual amount; no, it is impossible to know." On the other hand, the Director seems to have made no great effort to adduce proof from petitioner's records, although an examiner who testified at a hearing prior to the first determination had apparently had access to them. However, since the burden of proof was upon petitioner, the Director was not bound to search out evidence, if he preferred not to do so. It was for the administrative authority to determine the credibility of the proof and whether or not it was of preponderant weight. Unfortunately, the Director determined neither and the only finding which even approaches a factual determination is: "That the addendum and change orders entered into between the parties to the various contracts are merely a method of crediting payment on the contract price"; which is without significance and indeed meaningless insofar as the true issue is concerned, since the point is not whether the materials invoices paid by the churches were credited against the respective contract prices, as unquestionably they were, but whether the contract prices against which the invoices were credited did or did not include the estimated amounts of the sales taxes. If they did include those amounts, obviously the contractor profited accordingly; if they did not, the churches were the beneficiaries of the exemptions. Absent any determinative finding, the proceeding must, of course, again be remitted. Determination annulled, with $50 costs, and case remitted to the respondent Director for adequate findings upon the present record or for other proper proceedings not inconsistent with this memorandum decision. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.