In the Matter of SWEET ASSOCIATES, INC., Petitioner, and CITY SCHOOL DISTRICT OF THE CITY OF SCHENECTADY et al., Intervenors-Petitioners, v. NORMAN GALLMAN et al., Constituting the State Tax Commission, Respondents.

Third Department, February 25, 1971.

*Clayman, Mead & Gallo* (*Irving Galt* of counsel), for petitioner.

*Kreutzer, Heller, Selman & Galt* for intervenors-petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Bush* and *Ruth Kessler Toch* of counsel), for State Tax Commission, respondent.

*J. Lee Rankin, Corporation Counsel* (*Samuel J. Warms, Gale Zareko* and *Solomon Portnow* of counsel), for City of New York, *amicus curiae.*

*McGivern & Mills* (*Bernard T. McGivern* of counsel), for New York State School Boards Association, *amicus curiae.*

STALEY, JR., J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court of the Third Judicial Department by order of the Supreme Court at Special Term entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for revision or refund of certain sales or use taxes imposed in accordance with subdivision (a) of section 1105 of the Tax Law.

Petitioner is a general contractor engaged in building construction of public schools. In February and March of 1966 the City School District of the City of Schenectady published a notice inviting competitive bids for the construction of a new school to be known as Halsey Elementary School. The school district furnished instructions for the submission of bids which provided, in part, that each bidder shall submit a separate bid for (a) materials, supplies and equipment rental only, and a separate bid for (b) all work except materials, supplies, and equipment rental. The contract also provided that in determining the lowest bidder, the lowest aggregate bid for (a) materials, supplies, and equipment rental, and (b) work and labor would be adopted. On April 26, 1966 the school district awarded the contract to petitioner as the lowest responsible bidder.

On June 10, 1966 the school district as "Owner" entered into a general construction contract with petitioner as "Contractor" for the construction of the proposed Halsey Elementary School. The contract provided that all tangible personal property required for the performance of the contract be

segregated, and charged for separately from the work and labor therefor, so as to constitute a "time and material" contract as distinguished from a "lump sum" contract.

Under the terms of the contract petitioner was obliged to purchase for resale to the school district the building materials, supplies, equipment rental, and other tangible personal property required for its performance.

Article C.21A of the general conditions of the contract provides as follows:

"A. The Owner is exempt from payment of Sales and Compensating Use Taxes of the State of New York on all supplies and materials sold to it and on rental fees on all equipment used on or for the project pursuant to the provisions of this Contract and these taxes are not to be included in bids.

"B. The purchase by the Contractor of the supplies and materials sold hereunder will be a purchase or procurement for resale and therefore not subject to the New York State sales or compensating use taxes. * * * The sale of such supplies and materials by the Contractor to the Owner will not be subject to the aforesaid sales or compensating use taxes. With respect to such supplies and materials sold hereunder, the Contractor, at the request of the Owner shall furnish the Owner such bills of sale and other instruments as may be required by it, properly executed, acknowledged and delivered, assuring to it title to such supplies and materials free of encumbrances and the Contractor shall mark or otherwise identify all such supplies and materials as the property of the Owner."

Subdivision (a) of section 1105 of the Sales and Use Tax Law imposes a tax upon the receipts of every retail sale of tangible personal property, with certain exceptions. Section 1101 (subd. [b], par. [4], cl. [i]) of the Tax Law defines a retail sale as "A sale of tangible personal property to any person for any purpose, other than (A) for resale as such or as a physical component part of tangible personal property". Subdivision (a) of section 1116 of the Tax Law provides for exemption from sales tax of sales to certain named classes of governmental entities which would include school districts.

The school district drafted its notice to bidders and the construction contract so that it would purchase the materials and supplies necessary for the construction project from the contractor for an agreed price. The contractor's purchases of materials and supplies would be made for resale to the school district, and would thus not be subject to tax and the resale to the school district, an exempt entity, would also be immune from tax.

During 1965 and 1966 petitioner made various purchases of building materials under the contract which were resold to the school district, and on which petitioner did not pay a sales or use tax. The respondent audited petitioner's sales and use tax returns, and issued an additional assessment for sales taxes on these excluded items which assessment petitioner paid under protest. Petitioner thereafter applied for a refund of $1,602.33 for the additional tax paid on the sales of materials by it to the school district, which was denied.

The respondent determined that, since the contract was awarded on the basis of the total proposal consisting of the total of (A) being the bid for materials, supplies and equipment rental, and (B) being the bid for all work except materials, supplies and equipment rental, the contract was not a separate purchase contract for materials and supplies entered into pursuant to section 103 of the General Municipal Law, but, instead, a contract for public work entered into pursuant to such section. It was further determined that the provisions of the contract attempting to provide for the sale and purchase of materials and supplies should be treated as a nullity; that the contract was a lump sum contract under which petitioner furnished labor, materials, supplies and equipment; and, that since the contract was a lump sum contract, title to the building materials did not pass to the school district, but became a physical component part of the real property and, as such, were transferred to the school district. Therefore, there was a retail sale of the building materials purchased by the petitioner for the performance of the contract.

Section 103 of the General Municipal Law provided, in part, as follows:

"1. * * * all contracts for public work involving an expenditure of more than twenty-five hundred dollars and all purchase contracts involving an expenditure of more than one thousand dollars, shall be awarded * * * to the lowest responsible bidder ".

The main contention of respondent is that the contract involved here is a lump sum contract for the construction of the school building and, since the materials purchased were incorporated into realty prior to the transfer from the contractor to the school district, no tax exemption was available.

The language of section 103 itself contains no prohibition against time and material contracts for construction projects. The section simply requires that there be competitive bidding on all contracts for public work involving an expenditure of over $2,500 and on all purchase contracts involving an expen-

diture of over $1,000. It says nothing about the content of contracts. It neither prohibits a consolidated contract covering both "public work" and "purchase" requirements nor necessitates a "lump sum" form if a different form would result in a saving of the taxpayers' money.

Section 103 commands only that for public work contracts in excess of $2,500, the contract be let publicly and to the lowest responsible bidder. The fact that the low bid is the total of two or more separate bids is unimportant. The policy underlying section 103 is to prevent corruption, collusion, fraud, favoritism and reckless expenditures. (*Jered Contr. Corp.* v. *New York City Tr. Auth.*, 22 N Y 2d 187.) Section 103 must be construed with the general policy of the article on public contracts as enunciated in section 100-a of the General Municipal Law to the effect that the negotiation for public works and public purchases by political subdivisions shall be "to assure the prudent and economical use of public moneys  *  *  * and to facilitate the acquisition of facilities and commodities of maximum quality at the lowest possible cost."

The method of bidding and contract entered into here resulted in a "time and materials" contract and not a "lump sum" contract which is not prohibited by statute. Since the method adopted does result in economy to the municipality, there is no reason to construe the statute to prohibit the method chosen. The materials furnished by petitioner in performing its contract were resales of personal property to the school district and should not be taxed. (*Matter of Bethlehem Steel Co.* v. *Joseph*, 284 App. Div. 5; cf. *Matter of Briggs* v. *Page*, 15 A D 2d 34; 20 A D 2d 834.)

In *Matter of Briggs* v. *Page* (*supra*), a determination of the Broome County Sales Tax Director was under review which involved the right of exemption from sales taxes of a building contractor on purchases of materials used in the construction of two churches. This court remitted the case for clear factual findings as to the intention of the parties relative to the benefit of the tax exemption. Justice BERGAN stated (p. 36): "If  *  *  *  it is found on the hearing that the actual prices of the contracts were reduced by the amount of the tax exemption; that it was the intention of the churches and the contractor that the churches and not the contractor were to be the actual, and not merely the colorable or apparent, purchasers of the material, the literal form of the written contract might not be controlling on the question of tax liability; and the actual intent of the parties might be effectuated, even though such a situation

may not fit in fully and precisely with the form of the official regulations as promulgated.''

By reason of respondent's reliance on section 103 of the General Municipal Law, the application of the sales tax exemption for materials sold for construction of buildings by a public municipality would differ from the application of the exemption to a charitable or religious corporation under similar circumstances. Such discriminatory treatment is clearly contrary to the legislative purposes in exempting both types of organizations as well as to the policy set forth in section 100-a of the General Municipal Law.

The record supports a finding that the amount of the sales tax was not included in the bid estimate and that the real beneficiary of the tax exemption was the school district itself. (*Matter of Briggs* v. *Page*, 20 A D 2d 834, *supra*.)

The determination should be annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.