OPINION OF THE COURT
Hilda G. Schwartz, J.
Defendant moves for an order dismissing the second amended complaint on the grounds, inter alia, that a defense *303 is founded upon documentary evidence and the complaint fails to state a cause of action.
Plaintiff, a corporate business executive, entered into a written executive investment advisory agreement with defendant bank in 1972. Plaintiff suffered losses on investments in the advisory account over an approximately three- and a half-year period from October, 1972 to May, 1976 and seeks to recoup those losses from defendant bank, which acted as managing agent with respect to the account.
The agreement provided, in pertinent part: "I hereby appoint you my managing agent and constitute you my attorney-in-fact for me and in my name, place and stead, to do any and all acts with respect to all property at any time in my custodian account as fully as I could do myself, as follows: 1. You will keep my account under your investment supervision, and in your full discretion and without obligation on your part to give prior notice to me, you will make changes as to any cash and investments in the account as you will deem to be appropriate. You are specifically authorized to invest in real or personal property which may entail a substantially higher degree of risk than would normally be assumed by a fiduciary managing trust or agency funds.”
Plaintiff sets forth in his second amended complaint four causes of action. The first two causes of action are for alleged breach of fiduciary duties and breach of contract. With respect to these two causes of action, plaintiff alleges that oral representations were made and agreements entered into before the signing of the written agreement between the parties and that defendant has breached such oral agreements. These alleged agreements are not set forth in the written agreement, however, and, in important respects, are inconsistent with the written agreement.
As the Appellate Division stated in Clark v American Morgan Co. (268 App Div 209, 212): "Where a contract is reduced to writing it is presumed to embody the final and entire agreement of the parties.” (See, also, 10 NY Jur, Contracts, § 209.)
Plaintiff contends that parol evidence would establish that the written contract does not contain the entire agreement between the parties. "The answer to this contention is that the contracts appear upon inspection to be in all respects complete and that beyond this our inquiry may not go * * * We may not have recourse to the parol evidence to ascertain *304 whether they do in fact include the entire agreement of the parties.” (William H. Waters, Inc. v March, 240 App Div 120, 125.)
Plaintiffs third cause of action is based on defendant’s alleged negligence. The written agreement provides, however, in pertinent part: “3. Any action which you may or may not take as to my account will be solely for my account and risk; you will be under no liability for any such action taken by you or for failure to take such action, except for your wilful misconduct.” This provision, limiting defendant’s liability, is valid (Loeb v Hellman, 83 NY 601, 603; Matter of Cowles, 22 AD2d 365, 378, affd 17 NY2d 567), and bars plaintiffs third cause of action.
Plaintiffs fourth cause of action is for "wilful misconduct”. CPLR 3016 (subd [b]) requires that "the circumstances constituting the wrong shall be stated in detail.” Plaintiff has failed to so specify the details of defendant’s alleged "wilful misconduct.”
Accordingly, defendant’s motion for an order dismissing the second amended complaint is granted.
Settle order.