■ In the Matter of JOSEPH DAVIS, INC., Appellant, v JAMES H. TULLY et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained sales and use tax assessments against petitioner for the period from August 1, 1965 to February 28, 1969. Petitioner is engaged in the business of installing hearing, ventilating and air-conditioning equipment. Between October, 1964 and November, 1967, petitioner entered into nine contracts which respondents held were subject to sales and use tax and that petitioner was liable for sales and use taxes arising out of the performance of such construction contracts. Five of these contracts were with various general contractors engaged on State University Construction Fund projects and two were with local school districts, all tax-exempt entities. The remaining two contracts were with private industrial corporations. Petitioner contends that the subject contracts were exempt from taxation on a number of different grounds. These grounds include the question of the reformation of certain contracts so as to render them nontaxable, the applicability of the exemption for pre-existing lump-sum contracts, and the validity of the State's interpretation of various statutes. Although finding that certain contracts had been reformed, respondents declined to give effect to the reformations. The contracts and taxes attributable to each of them were performed with the following entities: (1) Board of Education, Alden Central School, (2) Board of Education, Town of Clarence, (3) State University Construction Fund, Brockport State College, (4) State University Construction Fund, State University at Buffalo, (5) Chevrolet Motors Division, (6) State University Construction Fund, Geneseo College, (7) Hooker Chemical Corporation, (8) State University Construction Fund, Fredonia State

College, and (9) State University Construction Fund, Alfred University. Respondents made a number of findings of fact with respect to the contracts, including the determination that all were lump-sum contracts. It also found that Contracts Nos. 3 and 4 were subject to local sales taxes in the amount of 3% and that Contracts Nos. 5 and 7 were with private industrial corporations. Specifically, however, it determined that in Contracts Nos. 6, 8 and 9 there were no references to sales tax, and that there were reformations of the contracts in 1969 which attempted to specify the cost of time and materials. Three of the contracts, namely Nos. 6, 8 and 9, involved reformations of their terms. Originally drawn so as to be labeled "lump-sum" contracts, they were ultimately reformed so as to come within the definition of "time and materials" contracts. Respondents, although finding that there had been reformations of the contracts, declined to give effect to that finding by holding that it was not bound by later reformations. Petitioner contends that the reformations were valid and binding upon respondents. The evidence of reformation of Contract No. 6 was an amended contract entered into evidence which was presumably executed June 30, 1969 after performance had been completed, which simply broke down the total contract price into so much for labor and so much for materials, and affidavits of Marshall E. Davis and Joseph J. Vitale. The evidence of reformation of Contract No. 8 consisted of almost identical affidavits of Marshall E. Davis and Vito J. Gautieri, which also broke down the total contract price into so much for labor and so much for materials. Contract No. 9 is not itself in evidence. The only record reference thereto is a letter dated November 16, 1967 setting forth a $186,000 lump-sum bid by petitioner, and a letter dated June 26, 1969 by the general contractor breaking down the lum-sum bid into so much for materials and so much for labor. The evidence submitted on reformation is not convincing as respondents found herein. It was the respondents' obligation to weigh the evidence presented. Respondents did so and found the evidence was inconclusive. Ordinarily, a contract may be reformed where there has been fraud or mistake. Here, there is no indication of fraud, but merely an assertion that the form of the contract incorrectly reflects the intent of the parties. Respondents concluded: "That where the evidence indicated that at the time of the execution of the contract, a) the contracting parties were aware of the exempt status of the organization, b) the parties intended to exclude taxes on purchases for the performance of the contract and c) no sales tax was charged the exempt institution, no sales tax is applicable. *(Matter of Sweet Assoc. v. Gallman,* 29 N Y 2d 902.)" In *Matter of Sweet Assoc. (supra),* the contract specifically required the contractor to purchase for resale to the school district the building materials, supplies, equipment rental and other tangible personal property required for its performance. Here, the "reformed" contracts do not satisfy such requirements. Furthermore, in *Matter of Sweet Assoc. (supra),* the general conditions of the contract set forth the tax-exempt status of the owner, and the exempt nature of the resale by the contractor to the owner. In the "reformed" contracts here, the general or prime contracts were not even introduced in evidence. Petitioner resorts to parol evidence to establish that the written contracts do not contain the entire agreement between the parties. In *Clark v American Morgan Co.* (268 App Div 209, 212, mot for lv to app den 293 NY 933), the court said: "The law is well settled that where the terms of a written contract are clear and unambiguous the intention of the parties must be found therein. * * * Where a contract is reduced to writing it is presumed to embody the final and entire agreement of the parties." Petitioner contends that the contracts,

as written and executed, do not contain all the provisions and requirements relating to both form and substance of the principal contract, including a breakdown between labor and materials and prohibitions relating to the inclusion of sales and use taxes. However, where the contract discloses that its language is unambiguous and warrants that it is the conclusion intended as a total integration of the terms of the agreement, it cannot be altered by reformation based on oral modifications, particularly when the evidence is not convincing *(Zugarek v Walck,* 54 AD2d 1074). Subdivision (a) of section 1105 of the Tax Law imposes a tax upon the receipts of every retail sale of tangible personal property, with certain exceptions. Section 1101 (subd [b], par [4], cl [i]) of the Tax Law defines a retail sale as "A sale of tangible personal property to any person for any purpose, other than (A) for resale as such or as a physical component part of tangible personal property". Subdivision (a) of section 1116 of the Tax Law provides for exemption from sales tax of sales to certain named classes of governmental entities, which would include State colleges and local school districts. Petitioner argues that the Tax Law does not require that construction contracts with exempt organizations be in a time and materials form to avoid tax liability, and respondents' determination frustrates the intent of the statutory exemption for governmental entities. Prior to September 1, 1974, tax exemptions from the sales and use taxes required contracts with exempt organizations to be in a time and materials form or to clearly provide for the resale by the contractors to the exempt organization prior to the incorporation of the materials into the real property *(Matter of Sweet Assoc. v Gallman,* 36 AD2d 95, affd 29 NY2d 902, *supra).* Petitioner further contends that the definition of the term "retail sale" is so ambiguous as to dictate a construction favorable to the taxpayer. To support the contention, petitioner claims the materials and supplies were purchased for resale to the respective property owner pursuant to the various contracts and cites the general conditions of the contracts of the contruction of buildings, particularly articles 24 and 29. Article 24 relates to applications for payments, and requires a contractor to submit receipts, vouchers, documents showing payments for materials and labor, payments to subcontractors and other evidence of a contractor's right to payment. Article 24 also provides for payments to be made on the valuation of work done, or on account of materials not incorporated in the work but delivered and suitably stored at the site. In the latter event, payment is conditioned upon submission of bills of sale or such other procedure by the contractor as will establish the owner's title to such material. Article 29 requires the owner to obtain adequate fire insurance with extended coverage. Petitioner failed to offer proof with respect to any applications it made for payment on any of the contracts permitted by article 24. Where the supplies and material have been affixed to structures or the applications for payment are predicated on valuation of work done, the supplies and materials have become a part of the real property; where applications for payment are predicated on materials not yet incorporated in the work but delivered and suitably stored at the site, not only was petitioner required to show actual delivery and suitable storage at the site, but also that it had submitted documentation to transfer title to the owner. Without such proof, article 24 stands in a vacuum. The necessity of that proof is highlighted further by the provisions of article 37 of Exhibit JD-10, with reference to the relations of contractor and subcontractor. Subparagraph (J) of article 37 shows that the purpose of article 29 is simply to provide indemnification for the contractor and subcontractor, neither of whom would have control of the job site. In *Matter of Aldrich v*

*Murphy* (42 AD2d 385), this court sustains a determination that bulk purchases of staves, hoops, clamps and other materials used in the construction of silos by petitioner, without payment of sales or use tax, was subject to sales and use tax since they constituted a taxable retail sale. This court said *(supra,* p 387): "In view of the statutory exceptions designed into the definition of 'retail sales' in order to avoid 'a tax upon a tax', this section [Tax Law, § 1115, subd (a), par (6)] is properly applicable only to sales to wholesalers and manufacturers, where a second taxable sale is contemplated." Here, as in *Aldrich,* no second taxable sale was contemplated. The provision of section 1101 (subd [b], par [4], cl [i]) as enacted in 1965, defining a retail sale, is not ambiguous in its terms and respondents properly interpreted the Tax Law to constitute a taxable retail sale under the circumstances herein. Petitioner, finally, contends that the three lump-sum contracts between petitioner and the Board of Education of Alden Central School, the Board of Education of the Town of Clarence, and Wright and Kremers, Inc., were irrevocably entered into prior to April 14, 1965, the date of the enactment of the State sales tax article, and were exempt under section 1119 of the Tax Law. Although these contracts were exempt from the State sales tax, they were not exempt from the local sales taxes to which they were subject for Erie and Monroe Counties, which were in effect when the contracts were executed. Subdivision (a) of section 1119 of the Tax Law provides, in part, as follows: "the purchaser or user shall be entitled only to a refund of the amount by which the tax on such sale or use imposed under this article * * * exceeds the amount computed by applying against such sale or use the local rate of tax, if any, in effect at the time such contract was entered into or such bid was submitted." Subsequent to the enactment of the State-wide sales tax, administration of local sales and use taxes became the responsibility of the State Tax Commission. In the exercise of this responsibility, respondents properly assessed petitioner for the local sales taxes due and unpaid on these three pre-existing lump-sum contracts. The assessments should be sustained. Determination confirmed, without costs, and petition dismissed. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.