■ In the Matter of PERLSTEIN BUILDERS, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's request for a refund of sales tax payments. In May, 1972, petitioner, a general construction corporation, entered into a contract with Maimonides Institute for the construction of a dormitory. In purchasing materials for construction of the dormitory, petitioner paid the sales tax. Upon presenting its bill to Maimonides, petitioner learned for the first time that Maimonides was a tax-exempt charitable organization. In April, 1974, petitioner requested a refund of the sales tax, which was denied by the Sales Tax Bureau. This denial was sustained by the State Tax Commission after a hearing on September 28, 1977. Petitioner then commenced the instant article 78 proceeding to review the commission's determination. Section 1115 of the Tax Law, which governs whether petitioner is entitled to the sales tax exemption, provided, at all times relevant to this proceeding, for a sales tax exemption for materials sold to a contractor for incorporation in a building or structure of a tax-exempt charitable institution if the material "is to be resold to such organization as tangible personal property before it has become a part of such structure [or] building" (former Tax Law, § 1115, subd [a], par [15]). The purpose of the exemption is rather clear: direct sales to tax-exempt charitable institutions are exempt under section 1116 of the Tax Law. Former section 1115 (subd [a], par [15]) avoids the indirect imposition of the tax when construction materials are sold to contractors for resale to such institutions. Exempting such sales to contractors prevents the tax from being passed on as part of the contractor's cost. The record discloses that Maimonides Institute resisted paying the sales tax when presented with petitioner's materials vouchers which included sales tax petitioner had already paid. Petitioner contends that the statute should not require it to absorb the tax. Section 1115 was amended in 1974 (L 1974, ch 513, § 1) to eliminate the above-quoted provision which granted the exemption only if the property was to be resold to the exempt organization before its incorporation in the building. Prior to the 1974 amendment, however, the provision was construed to require that in order for the sale to a contractor to be exempt, the contract between the contractor and the exempt organization had "to be in a time and materials form *or* to clearly provide for the resale by the contractors to the exempt organization prior to the incorporation of the materials into the real property" (emphasis added) (*Matter of Joseph Davis, Inc. v Tully,* 76 AD2d 946, mot for lv to app den 51 NY2d 704). A time and materials contract was construed to satisfy section 1115, in contrast to a lump-sum type contract, since it permitted the parties to differentiate the cost of the building materials from the rest of the contract, and thereby avoided the passing of the tax on to the exempt organization on resale (*Matter of Sweet Assoc. v Gallman,* 36 AD2d 95, affd 29 NY2d 902). It is uncontested that the contract between petitioner and Mai-

monides Institute provided for separate payment to the contractor of its actual cost of labor, materials, and overhead, plus 8% of those costs. Petitioner's contract certainly meets the requirements of differentiating the costs of the building materials. Therefore, petitioner has met the requirement under *Davis* and *Sweet* for exemption as a time and materials contract. The commission specifically denied petitioner's request for a refund on the ground that Sales Tax Information Letter No. 27, dated November 27, 1967, requires that "there must be a specific provision [in the contract] that title to the materials shall pass to the owner prior to their installation in the building under construction". This determination was clearly erroneous and arbitrary since such an explicit contract provision is required neither by the statute nor by its judicial interpretation under *Davis* and *Sweet*. Time and materials form, as found in petitioner's agreement, is sufficient to comply with the statute. Petitioner has met its burden of pointing to a provision of law plainly giving it the sales tax exemption (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 196; *Matter of Young v Bragalini*, 3 NY2d 602, 605). Therefore, the determination of the State Tax Commission was clearly erroneous, arbitrary, and capricious, and must be annulled (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, *supra; Matter of Petrolane Northeast Gas Serv. v State Tax Comm.*, 79 AD2d 1043). Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.