■ In the Matter of WILLIAM E. BOULEY CO., INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which

denied a refund of sales tax paid pursuant to articles 28 and 29 of the Tax Law. The sole issue in this proceeding is whether there is substantial evidence in the record to support the Tax Commission's determination denying petitioner an exemption under former section 1115 (subd [a], par [15]) of the Tax Law, which exempted from the sales and use tax materials sold to a contractor for incorporation in a building or structure of a tax-exempt organization if the material "is to be resold to such organization as tangible personal property before it has become a part of such structure [or] building".* In order to qualify for an exemption under this provision, the contract with the exempt organization must "be in a time and materials form or * * * clearly provide for the resale by the contractors to the exempt organization prior to the incorporation of the materials into the real property (*Matter of Joseph Davis, Inc. v Tully*, 76 AD2d 946, 948, mot for lv to app den 51 NY2d 704, citing *Matter of Sweet Assoc. v Gallman*, 36 AD2d 95, affd 29 NY2d 902). Here, unlike *Sweet (supra)* and *Matter of Perlstein Bldrs..v New York State Tax Comm.* (87 AD2d 906), the contract was not in a time and materials form. Rather, it was in a "cost plus" form with the actual cost including all costs and expenses of labor *and* materials. Nor does the contract clearly provide for the resale of the materials by the contractor to the exempt organization prior to the incorporation of the materials into the real property. As noted in *Matter of Briggs v Page* (20 AD2d 834), upon which petitioner relies, the intention of the parties to the contract regarding who is to benefit by the exemption is a question of fact for the taxing authority to resolve. In view of the contract provisions specifically including sales tax in the actual cost, and since petitioner included sales tax expenses in its periodic requisitions for payment submitted during construction, and since the actual cost certified at the conclusion of the work contained sales tax expenses incurred by petitioner, there is substantial evidence in the record to support the Tax Commission's determination. The evidence of the parties' attempts after the completion of the contract to meet the requirements for an exemption does not render the commission's determination irrational (see *Matter of Joseph Davis, Inc. v Tully, supra*). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

* This statute was amended in 1974 to eliminate the requirement that the materials be resold to the exempt organization before their incorporation in the building or structure (L 1974, ch 513, § 1).