BERTINA BOYLES, Respondent, v. S. D. BURNETT, Appellant.

In the Kansas City Court of Appeals, March 5, 1923.

1. **FRAUD: Evidence: To Establish Fraud the Broadest Latitude is Allowed.** In the admission of evidence to establish fraud, the broadest latitude is allowed.

2. ———: ———: **Transcript of Proceedings in Probate Court Attending Removal of Defendant as Administrator, Held Admissible as Tending to Prove Charge of Fraud.** In an action for damages for fraud in depriving plaintiff of land, a transcript of the proceedings in the probate court attending the removal of defendant as administrator of the estate of plaintiff's husband whose interest in the land had been sold to satisfy a judgment against him, and which interest thereafter plaintiff purchased from the buyer at the execution sale, *held* there was no error in admission of evidence as tending to prove the charge of fraud, in erasing plaintiff's name from a quit-claim deed to the land and substituting therefor the name of her husband, as grantee, in the deed to plaintiff, and listing in the inventory filed by defendant plaintiff's interest in the land as the property of her husband.

3. ———: ———: **In an Action for Fraudulent Deprivation of Land, Held There Was no Error in Admitting in Evidence the Record in an Ejectment Suit.** Where plaintiff sought to recover value of land in excess of amount received by her from purchaser at partition sale, and for punitive damages for fraudulent and malicious acts of defendant in depriving plaintiff thereof, there was no error in admitting in evidence the record in an ejectment suit instituted by plaintiff against such purchaser, as the record did not contain anything prejudicial to defendant, but merely es-

tablished by the best evidence that plaintiff brought suit in eject-
ment against such purchaser to recover the land.

4. EVIDENCE: Covenant Not to Sue: In Action for Value of Land
in Excess of Amount Received by Plaintiff from Purchaser at
Partition Sale, Admission in Evidence of Plaintiff's Covenant Not
to Sue Such Purchaser for Purpose of Showing Settlement and
Amount Paid, Held Not Prejudicial Error. In an action for value
of land in excess of amount received by plaintiff from purchaser
at partition sale, the introduction in evidence of a covenant not
to sue purchaser for the purpose of showing that she settled with
him and the amount she was paid in such settlement, was not
prejudicial error, as all prejudicial references to the defendant
therein had been stricken out before covenant was read to the
jury.

5. FRAUD: Deed: Erasure: Testimony Tending to Show Fraud in
Erasing Name of Grantee in Deed and Substitution of Another
Therefor, Held Properly Admissible. The action of the court in
admitting testimony as to what occurred in proceedings by plain-
tiff, after husband's death, to remove defendant as administrator,
and substitute plaintiff as administratrix thereof, in connection
with production by defendant of plaintiff's quit-claim deed, which
tended to show fraud by defendant in erasing plaintiff's name
and substituting that of her husband as grantee in such deed
from purchaser of his interest at execution sale, held evidence
properly admitted as proceedings were between same parties and
the only issue was whether plaintiff was the widow of the de-
ceased.

6. DAMAGES: Reasonable Expenditures: Allowance of Small Items
of Expense Such as Jury Would Know, Without Evidence, Were
Reasonable, Held Not Error. In an action where plaintiff sought
reimbursement for expenses incurred by her in her effort to re-
cover possession of her land of which she had been deprived by
fraud, the allowance of small items of expense consisting of travel-
ing expenses, telephone bills, hotel bills and the like, such as the
jury would know without evidence were reasonable, held not
erroneous, in view of the fact there was no evidence refuting the
reasonableness thereof.

7. ———: Attorneys' Fees Incurred and Made Necessary by De-
fendant's Wrong, Held Proper Element of Damages. In an action
to recover expenses incurred by plaintiff in an effort to obtain
possession of land of which she was deprived by fraud of defend-
ant, attorneys' fees in proceedings to remove defendant as ad-
ministrator of husband's estate, filed inventory listing property

213 M. A.—19

instituted by her against purchaser at partition sale, *held* proper element of damage, and there was no error in allowance thereof.

8. ———: Punitive Damages: Where Defendant's Wrong Was Intentional and Malicious, Verdict of $4,000 Punitive Damages Held Warranted by the Evidence. In an action to recover damages for fraud where defendant erased plaintiff's name from deed given her by purchaser of husband's interest at execution sale, and substituted name of husband therein, and defendant, while administrator of husband's estate, filed inventory listing property as that of deceased husband, a verdict for $4,000 punitive damages *held* warranted by the evidence.

9. APPEAL AND ERROR: Appellate Court Will Not Disturb Finding of Jury in Absence of Palpable Error. The jury are the triers of fact and appellate court is not authorized to disturb their finding, absent palpable error.

10. INSTRUCTION: Malice: Instruction on "Malice" Held Not to be Erroneous. Where evidence tended to show defendant had committed an intentional and malicious wrong against plaintiff, an instruction that no ill will or hatred or personal spite is necessary to create legal malice, is *held* not to be erroneous, because it omitted the word "actual" before the words "ill will or hatred or personal spite," malice as used in the instruction being defined therein to mean the intentional doing of a wrongful act without just cause or excuse.

Appeal from the Circuit Court of Jackson County.—*Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Prince, Harris & Beery* for respondent.

*L. T. Dryden, Burrus & Burrus* and *A. N. Gossett* for appellant.

ARNOLD, J.—This is a suit in damages. It appears from the record that one Martin D. Boyles, who died September 18, 1890, owned 100 acres of land in Andrew County, Missouri, which by will he devised to his wife Evelyn J., during her life, with remainder to be divided equally among their five children. Evelyn J. Boyles died in July, 1915. On account of a judgment having been

rendered against George M. Boyles, one of said children, his interest in the land was sold in November, 1893, and passed to the other four children, one of whom was Bloomer C. Boyles, husband of plaintiff. Bloomer C. Boyles and plaintiff had been divorced but had resumed marital relations under common-law marriage in June, 1908. Bloomer C. Boyles died in March, 1912, leaving no children.

Prior to the death of Bloomer C. Boyles, a judgment for $7.92 was rendered against him, and to satisfy said judgment, his interest in said land was sold and a sheriff's deed therefor executed to the purchaser, James A. Harlin, in May, 1908. On May 12, 1909, plaintiff purchased Harlin's interest in said land for the sum of $250, receiving from him a quit-claim deed which she kept in her house for a period of about two years without having it recorded. In December, 1911, she placed said deed in the hands of her husband for the purpose of having it recorded at Savannah, the county seat of Andrew County. Her husband did not have the deed recorded but instead carried it with him to Kansas City, Mo., where he remained for a short time prior to going to Colorado where, as stated, he died in March, 1912.

Defendant herein was a brother-in-law of Bloomer C. Boyles, having married the latter's sister who was one of the heirs of Evelyn J. Boyles. The probate court of Jackson County, Mo., appointed defendant administrator of the estate of Bloomer C. Boyles. Thereafter, a proceeding was instituted in said court by plaintiff setting out that, as the widow of Bloomer C. Boyles, deceased, she was entitled to administer his estate and praying the removal of defendant as such administrator. Thereafter, and on October 13, 1913, an order was made in said court adjudging plaintiff to be the widow of Bloomer C. Boyles and, as such, entitled to administer his estate.

During this proceeding, defendant produced a quit-claim deed wherein the grantor was James A. Harlin and the grantee Bloomer C. Boyles. It is claimed by

plaintiff, and the testimony in her behalf tends to show, that this was the deed in which Harlin had conveyed to her his interest in the land in question, but that the name Bertina had been erased therein and that of Bloomer substituted therefor. A few months prior to his removal as administrator of the estate of Bloomer C. Boyles, defendant filed an inventory in said court in which he listed the undivided one-fourth interest in the land in question as the property of Bloomer C. Boyles.

On October 19, 1915, after his removal as administrator, defendant placed of record a deed dated October 18, 1918, purporting to convey the interest of said Harlin in said land to the four brothers and sisters of Bloomer C. Boyles, one of whom was the wife of defendant. Plaintiff charges this deed was fictitious.

Defendant, in his answer, admits that Harlan conveyed his interest in the land to plaintiff on May 12, 1909, but no attempt was made by defendant to purchase her interest therein. On November 8, 1915, a partition suit was filed in the circuit court of Andrew County, by one of the brothers of Bloomer C. Boyles, and the other brother and the two surviving sisters were made defendants therein. The petition in that suit alleged that Bloomer C. Boyles died intestate leaving surviving him no children and no wife. Planitiff herein was not made a party to said suit, and so far as the record discloses, had no notice of the same. The cause was disposed of without contest. The decree of the circuit court declared that Bloomer C. Boyles had died intestate, leaving no children and no wife; that on May 29, 1908, the interest of Bloomer C. Boyles was sold by sheriff's sale and conveyed to James Harlin who by mesne conveyance has conveyed to Cora E. Burnett and Spotswood D. Burnett, William L. Boyles and Anna P. Van Horn.. The decree further allotted to defendant herein the sum of $372.65, expenses alleged to have been incurred by him in protecting the interests of his co-defendants. The decree also ordered the sale of said land at public vendue. In accordance with said order the said lands were sold on

February 24, 1916, to one James T. Simpson for the sum of $9720.

On November 10, 1917, plaintiff herein instituted ejectment proceedings against said Simpson for the recovery of a one-fourth interest in said land. The trial resulted in a hung jury and thereafter a compromise was entered into between plaintiff herein and Simpson, whereby the latter paid the former $2250 for her interest in the lands, and an instrument termed ''Covenant not to Sue'' was executed, the purport of which was that Bertina Boyles agreed not to sue Simpson, but reserved therein the right to prosecute such claims as she might have against other persons than James T. Simpson, and especially against S. D. Burnett. After the execution of said instrument and the payment to plaintiff of the $2250, the suit against Simpson was dismissed, and the case at bar was instituted against Burnett, wherein plaintiff seeks reimbursement for expenses incurred by her in her effort to recover possession of her land, amounting to $1213.80, and in addition, damages in the sum of $2250, said amount representing the alleged value of her land over and above the amount received by her from Simpson. She also asked punitive damages, alleging fraud and malicious acts of defendant.

The answer admits the execution of the deed, from Harlin to plaintiff, as alleged in the petition, and enters a special denial as to all other allegations. Further answering defendant charges that plaintiff held said deed from Harlin in trust for Bloomer C. Boyles, and that she wrongfully and fraudulently suppressed and concealed it and charges her with laches in withholding said deed from record, and with vexatious and annoying litigation against defendant.

The reply was a general denial. The cause was tried to a jury and judgment was rendered for plaintiff in the sum of $1202.55 actual and $4,000 punitive damages. Motions for new trial and in arrest duly filed were overruled by the court and defendant appeals.

The first assignment of error charges the trial court

erred in admitting, over the objections of defendant, a transcript of the proceedings in the probate court of Jackson County attending the removal of defendant as administrator of the estate of Bloomer C. Boyles, declaring such evidence improper because not tending to sustain any of the issues in the case, that it was highly prejudicial to defendant, and tended to distort and cloud the issues in the case.

In considering this point, we must bear in mind that the petition charges fraud. In the admission of evidence to establish fraud, the courts always have allowed the broadest latitude. [Sawyer v. Walker, 204 Mo. 133, 102 S. W. 544, 551; Massey v. Young, 73 Mo. 269.] In the latter case the court, speaking through SHERWOOD, C. J., at p. 273, said:

"Fraud is rarely ever susceptible of positive proof, for the obvious reason that it does not cry aloud in the streets, nor proclaim its iniquitous purposes from the housetops. Its vermiculations are chiefly traceable by covered tracks and studious concealments. [Cooley on Torts, 475; Hopkins v. Sievert, 58 Mo. 201; Burgert v. Borchert, 59 Mo. 80.] And though fraud is not to be presumed, yet it is as legitimate to infer its existence from surrounding circumstances pointing unmistakably to a wrongful purpose, as it is thus to infer under similar circumstances the commission of a crime; and this is done daily. Anything, therefore, which satisfies the mind and conscience of the existence of fraud is sufficient."

This rule is followed in Jones v. Ins. Co., 184 Mo. App. 402, 171 S. W. 28; Manheimer v. Harrington, 20 Mo. App. 297; Stonemetz v. Head, 248 Mo. 243, 154 S. W. 108. Applied to the facts of the case at bar, the rule leads us to the inescapable conclusion that there was no error in the admission of the evidence under discussion, as tending to prove the charge of fraud.

Likewise there was no error in admitting in evidence the record in the ejectment suit instituted by plaintiff against Simpson in Andrew County. This record,

consisting of the petition and summons in that suit, contained nothing reflecting on, or referring to, S. D. Burnett. Nor did it contain anything prejudicial to him. It merely established by the best evidence that plaintiff herein brought a suit in ejectment against Simpson to recover the land. The covenant not to sue executed by her was introduced to show that she did settle with him and the amount she was paid in such settlement, and before it was read to the jury all prejudicial references to Burnett were stricken out by the court. Defendant's abstract shows that the whole of said covenant was introduced in evidence and read to the jury. Plaintiff's additional abstract shows what was actually done. There was no prejudicial error in the admission of the covenant in evidence.

The fourth assignment of error is similar in character and is directed against the action of the court in admitting testimony of witnesses as to what occurred in the removal proceedings in connection with the production by appellant of respondent's quit-claim deed. As that suit was between the parties hereto and the only issue was whether or not Mrs. Bertina Boyles was the widow of Bloomer C. Boyles, there was nothing in that proceeding that could have injured defendant unjustly, and there was no error in the admission of this evidence.

The above rulings apply with equal force to charges of error numbered 5, 6, 7 and 8, all of which refer to the admission, over defendant's objections, of evidence tending to prove the charge of fraud.

It is insisted there was error in that the itemized expenses shown by plaintiff to have been incurred in the ejectment suit in Andrew County were not shown to be reasonable expenditures. The record discloses that except in some small items, these amounts were shown to be reasonable. These small items consist of traveling expenses, telephone bills, hotel bills and the like. The record fails to show any evidence on the part of defendant to refute the reasonableness of these items. If small items are such as the jury would know with-

out evidence were reasonable, then this meets the objection. We hold there was no error in this respect.

Further defendant urges that attorney fees were not a proper element of damage. Cases are cited in support of this objection, but an examination of them discloses they are not applicable to the case at bar for the reason that they refer to attorney fees in cases then on trial. This question was decided against the contention of defendant by this court in the case of Myers v. Adler, 188 Mo. App. 607, 176 S. W. 538, whre it is said, l. c. 616:

"The expenditure was made necessary by defendant's wrong. If plaintiffs had not defended the suit they would have lost an amount equal to the value of their property. But by defending and defeating it their loss was reduced from that amount to the expense incurred in attaining that end. It was their duty to reduce the loss as low as possible. And the expenses incurred by them in reducing the damages flowing from the wrongful act are recoverable as a part of their damages. [13 Cyc. 78.]"

[See, also, Rieger v. Accident Co., 202 Mo. App. 184, 215 S. W. 920.] The item of attorney fees was proper, under the authorities cited.

Defendant further objects that the verdict for $4,000 punitive damages was not warranted by the evidence. No reasons are given for this position unless we find them in the assignments of error as a whole, but nowhere does there appear any substantial basis for the contention. The facts strongly tend to show and the jury evidently believed defendant had committed an intentional and malicious wrong against plaintiff. The jury are the triers of fact and we are not authorized to disturb their finding, absent palpable error. There is no such error here, and we rule against defendant on this point. [Franz v. Hilterbrand, 45 Mo. 121; Grier v. Railroad, 228 S. W. 460 (Mo.); Knoell v. Railroad, 198 S. W. 79 (Mo. App.)]

Finally defendant charges error in the giving of

plaintiff's instruction No. 3, for the reason that it does not distinguish between ill will and mere wrongful act. The instruction reads:

"The court further instructs the jury that no ill will or hatred or personal spite is necessary to create legal malice. Malice, as used in these instructions, means the intentional doing of a wrongful act, without just cause or excuse."

It is insisted this instruction is in conflict with defendant's instruction No. 11, and that it is erroneous because it omits the word "actual" before the words "ill will or hatred or personal spite."

We are unable to accept this view. In Webster's Dictionary we find: "Legal malice may, but does not necessarily, consist in malice in fact or actual malice toward the person injured; or it may consist in implied malice; that is, a depraved or wicked disposition showing itself in utter or wicked recklessness or wanton disregard of the rights of others."

Anderson's Dictionary of Law defines malice in law as "any improper or sinister motive, not necessarily spite and hatred . . . not limited to acts done from hatred, revenge or passion; includes all acts wantonly or wilfully done; that is, acts which any man of reason, knowledge and ability must know to be contrary to his duty." [Mitchell v. Wall, 111 Mass. 498, (1873) cases.]

This question was before the Supreme Court in Peak v. Taubman, 251 Mo. 390, 158 S. W. 656, where it is held in a suit for slander that an instruction which told the jury that malice meant "actuated by motives of personal spite and ill will" towards the plaintiff was erroneous; that it is not necessary to show personal malice but legal malice, which means that the words complained of were intentionally and wilfully uttered. In the case at bar we hold the word malice is correctly defined in plaintiff's instruction, and that there is no conflict between this instruction and the one numbered 11, given for defendant. [See, also, Buckley v. Knapp, 48 Mo. 152;

Dickinsheet v. Mining Co., 202 S. W. 624 (Mo. App.).]
    Finding no reversible error of record, the judgment is affirmed.
-   All concur.