Howard **LOCK** and Angeline Lock,
Respondents,

v.

Leo **BENNARTZ** and Sharon Bennartz,
Appellants.

No. 55309.

Supreme Court of Missouri,
Division No. 2.

Sept. 13, 1971.

Lowell McCuskey, Linn, P. Pierre Dominique, Jefferson City, for respondents.

John L. Hearne, James L. Barry, Keyes & Hearne, Jefferson City, for appellants.

STOCKARD, Commissioner.

Defendants have appealed from a judgment quieting title as between the parties to certain land in Osage County, and enjoining the defendants from interfering with its use by plaintiffs.

Plaintiffs alleged that they were the owners of certain land, described in the petition by metes and bounds, and that defendants "claim some interest in and to said real estate, the nature and character of which is unknown to plaintiffs and cannot be described herein except that said claim is adverse and prejudicial to these plaintiffs." The prayer was that the court determine the "title and interest of the parties, plaintiffs and defendants herein," and decree that plaintiffs are the fee simple owners and that defendants have no right, title or interest in and to said real estate. Defendants' answer to the above allegation was as follows: "Defendants deny each, every and all allegations contained in Count IV of plaintiff's petition." By this answer, defendants not only denied that plaintiffs owned the land, but they also denied that they "claim some interest in and to said real estate."

The trial court announced that the case was being tried on Count I (injunctive relief), Count IV (quiet title with plaintiffs' claim being based on record title) and Count V (adverse possession), but the

judgment shows no disposition of Count V. However, we shall assume that Count V was dismissed on the basis that since the title of the described land was decreed to be in plaintiffs pursuant to the claim asserted in Count IV (record title), there was no occasion to rule on Count V.

At the trial the evidence indicated that the land in dispute was a tract, somewhat triangular in shape, located between a graveled road which formerly was Highway 50 and the present Highway 50. Plaintiffs' claim of title was a deed dated May 26, 1947, from Herbert and Gertrude Porting. Although by their pleadings defendants denied any interest in the land, their evidence, admitted without objection, tended to establish a claim by reason of a deed from Charles M. and Louisa Lock and Henry J. and Hattie Lock, dated April 8, 1932, and subsequent conveyances, the last of which was from Howard and Mary Branson to defendants, dated June 30, 1962. We shall consider, for purposes of this appeal, that the pleadings were amended to conform with defendants' evidence. Civil Rule 55.54, V.A.M.R.

The descriptions of the lands conveyed in the deeds upon which the respective parties rely are by metes and bounds and are based on the government survey. However, there was no survey of the disputed area, and there is no competent evidence in the record which shows the precise location of the disputed land with reference to the government survey, or the precise location of the land described in the two deeds.

The trial court decreed that fee simple title of the land described in the deed upon which plaintiffs relied was in plaintiffs. We cannot determine whether this result was reached because the trial court concluded that the disputed land was not included in the description in defendants' deed, or because the grantor, or some grantor in defendants' chain of title, did not own the land described therein, or because by their pleadings defendants disclaimed any interest in the land, or for some other reason.

Defendants contend on this appeal that there is insufficient evidence to establish that the land described in the judgment was in fact the land which the parties agree was the disputed land, and we agree.

Plaintiffs had the burden to establish their title to the real estate in controversy by competent evidence. White v. Kentling, 345 Mo. 526, 134 S.W.2d 39; Gaskill v. Cook, Mo., 315 S.W.2d 747. Their claim of title is based on a deed describing certain land, but there is no competent evidence that the description in the deed includes any or all of the real estate which is admitted by the parties to be the subject of the controversy.

Plaintiffs urge in their brief that if there is a "question as to the title [they] acquired by deed," that this court should decree title in them by reason of adverse possession even though the trial court did not rule that issue. The determination of adverse possession by either party will depend to some extent on the credibility of witnesses, and such determination should first be made at the trial level.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.