**Linda M. HOFFMAN and Norton L. Hoffman, Plaintiffs-Appellants,**

v.

**QUALITY CHRYSLER PLYMOUTH SALES, INC., Quality Volkswagen Sales, Inc., and Mike Sheahan, Defendants-Respondents.**

**No. 50004.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 11, 1986.

Carla Kay Evans, St. Louis, for plaintiffs-appellants.

David O. Danis, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

Linda and Norton Hoffman, appellants, appeal from the trial court's order setting aside a default judgment entered against Quality Chrysler Plymouth Sales, Inc., Quality Volkswagen Sales, Inc., and R. Michael Sheahan, respondents. We reverse and remand.

On August 15, 1984, the Hoffmans purchased a 1983 Volkswagen Quantum from Mr. Sheahan, president of Quality Chrysler Plymouth and Quality Volkswagen. In exchange for the Volkswagen, the Hoffmans traded in their 1975 Chevrolet Impala and paid $10,000 by check. When they bought the car, Mr. Sheahan gave them a title application and told Mrs. Hoffman that the actual title would be mailed to her in two days.

At the time of purchase, however, Mrs. Hoffman was unaware that the respondents did not have title to the car. The Volkswagen sold to them was pledged as security to the Boatmen's Hampton Bank in connection with loans from the bank to the respondents.

When the Volkswagen's title failed to arrive, Mrs. Hoffman phoned Mr. Sheahan who repeated his promise to send the title. Because her efforts were unsuccessful, Mrs. Hoffman hired a lawyer to obtain the car's title or a refund of her trade-in and the sum paid. Thereafter, the Hoffmans' attorney made numerous calls to Mr. Sheahan. These contacts resulted in the return of $5,000 to the Hoffmans.

On October 3, 1984, the Hoffmans filed their action against the respondents in three counts: fraud, breach of contract, and conversion. The summons in this proceeding was shown by the sheriff's return to have been served on Mr. Sheahan, individually, and in his capacity as president of both respondent corporations on October 12, 1984, at 9:10 a.m. at 4315 South Kingshighway. Thereafter, the respondents never filed an answer. On November 21, 1984, default and inquiry was granted and a hearing on damages was set for December 3, 1984.[1]

On December 3, 1984, the Honorable Gary M. Gaertner rendered a default judgment against all three respondents, jointly and severally, on the Hoffmans' cause of action based upon fraud. The trial court also granted damages of $8,350 with interest at the rate of 9% from the date of purchase, $1,500 in attorney's fees, and $25,000 in punitive damages. The court further dismissed the Hoffmans' actions for breach of contract and conversion without prejudice.

On January 11, 1985, the Honorable George A. Adolf entered another judgment

---

1. On October 31, 1984, Boatmen's Hampton Bank made a demand upon the Hoffmans for return of the car.

on the Hoffmans' cause of action.[2] His order repeated the above judgment and recorded that the parties appeared by their respective attorneys [sic], that trial by jury was waived, and that the Hoffmans dismissed their breach of contract and conversion counts without prejudice.

On February 28, 1985, the respondents filed a motion to set aside the judgment dated January 11, 1985, and in the alternative, a writ of error coram nobis in which the respondents denied process. On March 14, 1985, a hearing was held and over the objection of the Hoffmans' attorney, Mr. Sheahan testified that he had not received service on behalf of the respondent corporations or for himself. Thereafter, on April 8, 1985, the Honorable George A. Adolf sustained the respondents' motion to set aside the default judgment.

On appeal, the Hoffmans contend the trial court erred in sustaining the respondents' motion to set aside. Although a number of issues are raised, we need not look beyond the resolution of two questions: (1) whether a sheriff's return may be challenged by a motion to set aside a judgment and (2) whether the trial court's award of attorney's fees constituted an error patent on the face of the record sufficient to sustain a motion to set aside under Rule 74.32.

■ The Hoffmans first assert that the trial court erred in setting aside the default judgment because a motion to set aside is not the proper avenue to challenge service of process. They suggest the respondents' only remedy is an action against the sheriff's bond. We disagree.

The Hoffmans' argument correctly states the law before Rule 54.22 was amended by the legislature. Laws of 1984, H.B. 947, Section 1 at 792 (effective August 13, 1984).[3] Under old Rule 54.22, Missouri courts long followed the common law or verity rule that a sheriff's return of pro-

cess was conclusive on the parties to the suit in which service was issued. *Hallowell v. Page,* 24 Mo. 590 (1857); *State ex rel. Seals v. McGuire,* 608 S.W.2d 407, 408 (Mo. banc 1980). The verity rule applied equally to proceedings at law and in equity. *Roberts v. King,* 641 S.W.2d 475, 477 (Mo. App.1982). Under this rule, the sheriff's return could not be impeached by parol evidence. *State ex rel. Moore v. Morant,* 266 S.W.2d 723, 726 (Mo.App.1954). The only exception recognized by the courts was where the plaintiff aided or knowingly took advantage of a false return. *In the Marriage of Benz,* 669 S.W.2d 274, 277 (Mo.App.1984). Otherwise, the only remedy of a party denying service was an action for a false return against the sheriff on his bond. *O'Neill v. Winchester,* 505 S.W.2d 135, 137 (Mo.App.1974).

■ Under Rule 54.22, as amended, the legislature discarded the principle that the sheriff's return must be accepted as verity in favor of the more liberal rule that the return is only prima facie evidence of the facts recited therein. Rule 54.22 now permits "the party served ... to show the true facts of service and impeach the return when the return does not comport with the facts as found by the court." If the court finds that service as reflected by the sheriff's return was not correct, the court may set aside the judgment, modify it, or take whatever action justice requires.

Although the legislature's amendment of Rule 54.22 permits the direct impeachment of a sheriff's return, the legislature did not address the question of what quantum of proof is necessary to do so. Our review of the jurisprudence of our sister states reveals the view that a proper return of service is presumed to be true and accurate until the presumption is overcome by clear and convincing evidence. *See* 62 Am. Jur.2d, *Process* Section 181 at 960 (1972); 72 C.J.S., *Process* Section 102(b) at 1144–1145 (1951).

---

**2.** The January 11, 1985, judgment was entered by the trial court without jurisdiction. The December 3, 1984, judgment became final on January 3, 1985. Rule 75.01.

**3.** The legislature may overrule or amend any rule established by the Supreme Court. Mo. Const. Art. V, Section 5.

In Illinois, the sheriff's return is prima facie evidence that process was properly served upon the defendant in person. *Four Lakes Management & Development Co. v. Brown*, 129 Ill.App.3d 680, 84 Ill. Dec. 803, 806, 472 N.E.2d 1199, 1202 (1984). Before service may be impeached, every presumption in favor of the return is indulged. *Miura v. Famous Cab Co.*, 107 Ill.App.3d 803, 63 Ill.Dec. 599, 603, 438 N.E.2d 530, 534 (1982). Indeed, Illinois courts recognize that the stability of judicial proceedings require that the return of a sheriff made in due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process was served but only upon clear and satisfactory evidence. *Nibco, Inc. v. Johnson*, 98 Ill.2d 166, 74 Ill. Dec. 618, 621, 456 N.E.2d 120, 123 (1983); *Whitworth v. Morgan*, 46 Ill.App.3d 292, 4 Ill.Dec. 823, 826, 360 N.E.2d 1198, 1201 (1977).

Likewise, in Florida, the sheriff's return of service is presumptively valid. *Slomowitz v. Walker*, 429 So.2d 797, 798 (Fla.App. 4 Dist.1983). A defendant may not impeach the return by simply denying service, but must present clear and convincing evidence to corroborate the denial. *Id.* at 799. Maryland courts also hold that the return of service is presumed to be true and accurate and a mere denial by a defendant, unsupported by corroborative evidence or circumstances, is not enough to impeach the return of the official process server. *Ashe v. Spears*, 263 Md. 622, 284 A.2d 207, 210 (1971), *cert. denied*, 406 U.S. 958, 92 S.Ct. 2061, 32 L.Ed.2d 344 (1972). The evidence must be clear and convincing. *Guen v. Guen*, 38 Md.App. 578, 381 A.2d 721, 725 (1978).

This is because the affirmative testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability, *Sarlouis v. Firemen's Insurance Co.*, 45 Md. 241, 244 (1876). *Ashe*, 284 A.2d at 210.[4]

■ Having reviewed the decisions of the states where the sheriff's return is presumptively valid or prima facie evidence of service, we accept the rule that clear and convincing evidence corroborating the denial of the party alleged to have been served is necessary to impeach the verity of the return. We believe that clear and convincing proof is consistent with the legislature's intent to liberalize the harshness of old Rule 54.22 yet mindful of the amendment's effect on the integrity and conclusiveness of judicial proceedings. A lesser burden of proof would have a potentially destabilizing effect while the quantum of clear and convincing evidence follows from the well-settled presumption that an official duty, like service of process, has been regularly performed and from Rule 54.22's dictate that "[t]he return of service shall be considered prima facie evidence of the facts recited therein."

■ We therefore apply the standard of clear and convincing proof to the facts sub judice. In Missouri, clear and convincing evidence is that "which tilts the scales in the affirmative when weighted against evidence in opposition; evidence which clearly convinces the fact finder of the truth of the proposition to be proved." *In the Interest of J.A.J.*, 652 S.W.2d 745, 748 (Mo.App. 1983). The respondents' evidence fails to

---

**4.** *See also Nolan v. Nolan*, 429 So.2d 596, 597 (Ala.Civ.App.1982); *Eldridge v. Jagger*, 83 Ariz. 150, 317 P.2d 942, 943 (1957); *Woods v. Congress Financial Corp.*, 149 Ga.App. 156, 253 S.E.2d 834, 835 (1979); *Canterberry v. Slade Brothers*, 232 La. 1081, 96 So.2d 4, 8 (1957); *Delph v. Smith*, 354 Mich. 12, 91 N.W.2d 854, 856 (1959); *State v. County of Kimball*, 164 Neb. 479, 82 N.W.2d 854, 859 (1957); *Harrington v. Rice*, 245 N.C. 640, 97 S.E.2d 239, 241 (1957);

*Cummins v. Paisan Const. Co.*, 682 S.W.2d 323, 326 (Tex.App. 1st Dist.1984); and *Miebach v. Colasurdo*, 35 Wash.App. 803, 670 P.2d 276, 280 (1983). *Cf. Keith v. Melvin L. Joseph Construction Co.*, 451 A.2d 842, 846 (Del.Super.1982) (strong and convincing proof); *Couch v. International Brotherhood of Teamsters, Etc.*, 302 P.2d 117, 120 (Okla.1956) (strong and convincing proof).

meet this heavy burden. The only evidence presented at the hearing on the motion to set aside was by the respondents.[5] Mr. Sheahan testified that his first notice of the default judgment was when he received a letter from his bank. He testified that earlier his personal account had been attached and that he had discussed this with his lawyer and the Hoffmans' attorney. Mr. Sheahan also testified that his attorney told him to send the suit papers to him as soon as he was served. However, when questioned whether he had been served in this matter, Mr. Sheahan responded, "Not that I recall." No corroborating evidence and circumstances were presented.

Thus, we reverse the judgment of the trial court setting aside the default judgment. We remand for further proceedings on the respondents' motion to set aside to permit the parties to present additional evidence concerning service of process and to enable the trial court to make a determination based on the quantum of clear and convincing proof.[6]

For purposes of remand, we address the question whether the trial court's award of attorney's fees in an action based on fraud constituted an irregularity patent on the face of the record sufficient to sustain a motion to set aside under Rule 74.32.

■ Generally, attorney's fees are recoverable only when called for by contract or provided by statute, or as an item of damage when their incurrence involves the wronged party in collateral litigation, or occasionally, when a court of equity finds it necessary to award them in order to balance benefits. *Osterberger v. Hites Construction Co.*, 599 S.W.2d 221, 230 (Mo. App.1980). Although the Hoffmans sought attorney's fees under special damages,

they presented no evidence of collateral litigation to justify the award. At the December 3, 1984, hearing the only evidence they presented was that their attorney worked 36.3 hours on the case. This included "many hours in telephone calls and memos back and forth" with Mr. Sheahan in trying to obtain the title.

■ In support of the award, the Hoffmans rely on *Miller v. Higgins*, 452 S.W.2d 121, 125 (Mo.1970), for the proposition that special damages "may properly include the professional aid of an attorney to mitigate damages and avoid future losses." We view the cited language as nothing more than a restatement of the general rule that attorney's fees may be awarded when their incurrence involves the wronged party in collateral litigation. *See Myers v. Adler*, 188 Mo.App. 607, 176 S.W. 538, 541 (1915); *Boyles v. Burnett*, 213 Mo.App. 288, 249 S.W. 719, 722 (1923); 37 C.J.S., *Fraud* Section 141 at 468 (1943). In *Miller*, the estate of the deceased brought suit against the vendors of an apartment complex for breach of contract and fraud in inducing the deceased to exchange his property for the complex. Because of the vendors' misrepresentation, the deceased was required to hire an attorney to abate the threatened takeover of the complex by the Federal Housing Administration. In the present case, no similar collateral litigation justifying the award of attorney's fees as special damages was evident.

■ Nor may the award of attorney's fees be sustained under Chapter 407, RSMo 1978 (The Missouri Merchandising Practices Act), as the Hoffmans assert. Although attorney's fees may be awarded to the prevailing party under RSMo Section 407.025.1 (1978), they may only be awarded where

---

5. The Hoffmans' attorney steadfastly held the view that a sheriff's return could not be challenged in a motion to set aside.

6. In other jurisdictions, successful challenges of process were made (1) where a husband and wife denied that they had been served and the sheriff did not know whether he had served the husband or the husband's son and could neither identify the husband in the courtroom nor re-

member serving the wife and (2) where the defendant's father denied service and there was corroborating testimony that the father was not at his son's home at the time service was supposed to have been made and the sheriff was highly uncertain in making identification. *Ashe*, 284 A.2d at 210. *See also Nolan*, 429 So.2d at 597–598; *Four Lakes Management*, 472 N.E.2d at 1202.

the action was predicated under Chapter 407. *Kawin v. Chrysler Corp.*, 636 S.W.2d 40, 45 (Mo. banc 1982). Since the Hoffmans submitted their action for judgment under common law fraud, the trial court could not properly award attorney's fees under the Act. *Gollwitzer v. Theodoro*, 675 S.W.2d 109, 111 (Mo.App.1984).

 Having determined that the award of attorney's fees was improper, we conclude that the award of these fees did not constitute an irregularity patent on the face of the record requiring the default judgment to be set aside under Rule 74.32.[7] The irregularities contemplated by Rule 74.32 go to procedural matters as opposed to errors of substantive law or errors going to the merits or issues of the case. Comment, Procedure Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 287 (1963).

> Rule 74.32 only reaches procedural errors that if known would have prevented the entry of the judgment; irregularities are not ordinary judicial errors in a judgment that are reached through proper procedures and the motion does not allow review of judicial errors committed in the rendering of a judgment.

*Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985). As such, Rule 74.32 provides a remedy only for irregularities due to the violation or misapplication of established rules of procedure; irregularities which consist either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time, or in an improper manner. *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 140 (banc 1952).

 Guided by these principles, we no longer follow *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157 (Mo.App. 1973), which holds that the award of attorney's fees is a patent irregularity sufficient to sustain a motion to set aside. The trial court's award of attorney's fees in the present case was a judicial error, not a procedural one. The award resulted not from a violation or misapplication of established rules of procedure but from an erroneous application of the substantive law of damages. Since the trial court's award of attorney's fees sprung from the judicial error committed in rendering the judgment and not from any procedural irregularity, the award was not subject to review under Rule 74.32. *Barney*, 688 S.W.2d at 359.

We reverse the judgment of the trial court setting aside the default judgment and remand for further proceedings not inconsistent with this opinion. On remand, we direct the trial court to vacate its award of attorney's fees in the event the court determines that the respondents failed to impeach the sheriff's return with clear and convincing evidence and denies their motion to set aside the judgment.

The judgment is reversed and remanded.

CRANDALL, P.J., and KELLY, J., concur.

---

**7.** Where the award of attorney's fees is successfully challenged on direct appeal, the entire judgment is not reversed. Only the portion awarding attorney's fees is overturned. *Calvin v. Sinn*, 652 S.W.2d 277, 279 (Mo.App.1983).