**Denice UGBAJA, Plaintiff/Respondent,**

v.

**Isaiah SUMPTER, Defendant/Appellant.**

No. 59890.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 24, 1991.

Motions for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1992.

Isaiah Sumpter, pro se.

Robert P. McCulloch, F. Lynn Skaggs, Pros. Attys., Clayton, for plaintiff, respondent.

REINHARD, Presiding Judge.

Father appeals from the trial court's finding of paternity and award of child support in a court-tried case. We affirm in part, reverse in part and remand.

Mother gave birth to a child out of wedlock on March 17, 1985. She filed an action in the state of Arkansas for child support pursuant to the Uniform Reciprocal Enforcement of Support Act, § 454.010 et seq., RSMo 1986. Father denied paternity. The court found him to be the father of the child and ordered that he pay $243.00 per month child support and establish medical insurance coverage for the child.[1]

The court later entered an order which stated:

> Motion for a new trial granted in part on the issue of paternity. The parties are ordered to submit to DNA testing at Respondent's cost. *It is hereby agreed and understood that Respondent is bound by the results of said test.* (Emphasis ours.)

The court subsequently entered a judgment and decree stating in relevant part:

> Whereas, the American Red Cross, by Robert W. Allen, Ph.D., has conducted DNA analysis and has concluded that the likelihood of paternity is 99.99% and the genetic odds in favor of paternity are 17,126:1, now therefore, it is ordered, adjudged and decreed that:
>
> 1. Respondent, Isaiah Sumpter, is the father of Annette M. Ugbaja, born March 17, 1985.

---

1. The court initially entered judgment against father in the amount of $5,530.00 for reimbursement of necessaries and ordered him to reimburse the state of Arkansas $240.00 for blood tests of mother and child. This portion of the judgment was later set aside because it exceeded the scope of the petition.

We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it misstates or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with the firm belief that the decree or judgment is wrong. *Id.* Our primary concern is the correctness of the judgment and not the route by which it is reached. If based upon the law and the evidence, the judgment can be properly reached upon any reasonable theory, the judgment will be affirmed. *Puckett v. Puckett,* 632 S.W.2d 83, 84 (Mo. App.1982).

Father appears *pro se* and his points relied on are not models of clarity. A party who appears *pro se* is bound by the same rules and procedures as are those admitted to the practice of law and we cannot hold a *pro se* litigant to a lower standard of performance. *Arenson v. Arenson,* 787 S.W.2d 845, 846 (Mo.App.1990). We nonetheless address his points as we perceive them.

Father first challenges the sufficiency of the evidence to support the court's finding of paternity. In reviewing a contention that the evidence is insufficient, we will view the evidence in the light most favorable to the verdict. *State Division of Family Services v. Guffey,* 795 S.W.2d 546, 550 (Mo.App.1990). When a cause is tried to the bench, the trial judge must resolve conflicts in the evidence and determine the credibility of witnesses and may accept their testimony entirely or in part. Rule 73.01(c)(2); *Clark County Sales Co., Inc. v. Hester,* 732 S.W.2d 569, 571 (Mo.App.1987). We defer to the trial court's assessment of credibility. *Grommet v. Grommet,* 714 S.W.2d 747, 748 (Mo. App.1986). Missouri courts take judicial notice that the human gestation period is generally 280 days. *Guffey* at 550.

At trial, mother's deposition was entered into evidence. In that deposition, she stated that she had sexual intercourse with father in June 1984; that she believes the child was conceived in July 1984; and that father was the only person she had sexual relations with during that time period. Dr. Robert Allen, an expert in blood testing, supervised an HLA test and testified that blood analysis of the mother, child and father indicated a 99.27% probability of paternity. In addition, the trial court had before it the DNA test results showing a 99.99% probability of paternity. We believe the deposition testimony of the mother and the results of the blood tests constitute substantial evidence to support the finding of paternity. *Division of Family Services v. Guy,* 750 S.W.2d 618, 619 (Mo. App.1988).

Father contends that the trial court failed to take judicial notice of the normal human gestation period as required. We note that the date 280 days prior to the birth date of March 17, 1985 was June 10, 1984. Mother testified that she and father had intercourse in June 1984 and that she had sexual relations with no one else during that period. Father denied that they had sex at all. The issue thus was one of credibility for the trial court, which was free to believe mother, particularly in light of the blood test results. Its finding of paternity was not against the weight of the evidence.

Father also contends that the trial court erred in conditioning the DNA testing on his agreement not to challenge the results. In his brief and oral argument he admits that he agreed to this stipulation and thus he is bound by it.

Father also challenges the evidence supporting the computation of child support. While there is evidence in the record as to father's income ($31,000 per year) and it appears that Rule 88.01 was used to perform the calculation, mother's statement of income and expenses was never entered into evidence nor is there any indication in the record that judicial notice was taken thereof or that the parties stipulated as to its admission. Consequently this information was not before the court and the child support order cannot stand.

*Arent v. Arent,* 759 S.W.2d 855, 856 (Mo. App.1988).

We therefore do not reach father's contention that his other children should have been taken into account in the calculation and weren't, except to note that if the figures are as represented in the prosecutor's brief, it appears to us that they were. On the question of whether they needed to be, we express no opinion.

We affirm the judgment on the issue of paternity and remand for the admission of further evidence on the appropriate amount of child support.

Judgment affirmed in part, reversed in part, and remanded.

GARY M. GAERTNER and CRANE, JJ., concur.