Marion SMITH, Plaintiff/Respondent,

v.

SQUARE ONE REALTY COMPANY,
Defendant,

and

Hewlitt Sherrard, Defendant/Appellant.

No. ED 80872.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 17, 2002.

Gerald L. Warren, Anderson & Preuss,
St. Louis, MO, for respondent.

Aaron I. Mandel, Brinker & Doyen, L.L.P., St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff obtained a default judgment against defendants, the owner and the manager of an apartment building, for damages sustained as a result of injuries suffered in a November, 1994 slip and fall. Owner appeals. He contends that the trial court erred in denying his motion to set aside the default judgment because he was not properly served. He argues that the trial court misapplied the law in holding that a sheriff's return of service is conclusive, which has not been the law since August, 1984. Plaintiff agrees that the trial court misapplied the law, but argues that the trial court reached the correct result because owner did not show lack of service by clear and convincing evidence, and that we should affirm on that basis. We reverse and remand because the trial court's legal error precluded it from evaluating the weight and credibility of owner's evidence, which is a function of the trial court, not of this court.

Plaintiff, Marion Smith, was injured in a slip and fall accident on the premises of an apartment building in November, 1994. She filed a lawsuit against defendants, Hewlitt Sherrard, the owner of the apartment building, and Square One Realty Co., the corporation that maintained and operated the apartment building. A default judgment was subsequently entered against both defendants. Thereafter, Mr. Sherrard (hereinafter, defendant) filed a motion to vacate the judgment pursuant to Rule 74.06(b). After a hearing, the trial court denied the motion to vacate. In its judgment, the court concluded that a "sheriff's return on a summons served on a litigant in state that shows proper service of process is conclusive evidence on the parties in the suit that the defendant was served." It also concluded that the "remedy of a party that claims a sheriff's return of service is false is an action against the sheriff on his bond." In both instances, the trial court cited cases decided before August, 1984.

■ Although we ordinarily review a trial court's ruling on a motion to vacate a default judgment for an abuse of discretion, the question of whether a default judgment should be vacated because it was void on jurisdictional grounds is a question of law that we review *de novo*. *Laser Vision Centers, Inc. v. LVCI, SpA*, 930 S.W.2d 29, 31 (Mo.App.1996).

■ In holding the sheriff's return conclusive, the trial court relied on a statement of law that was formerly contained in Rule 54.22. However, the legislature amended this rule in 1984 to allow impeachment of the sheriff's return. (Laws of 1984, H.B. 947, Section 1 at 792 (effective August 13, 1984)). *See* Rule 54.22 V.A.M.R. Historical Note. Current Rule 54.22 now provides that a return of service is considered prima facie evidence of the facts recited therein, but it also allows a sheriff's return of service to be impeached. The party impeaching the return must show lack of service by clear and convincing evidence. *Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 580 (Mo.App.1986). Clear and convincing evidence is that "which tilts the scales in the affirmative when weighted against the evidence in opposition; evidence which clearly convinces the fact finder of the truth of the proposition to be proved." *Id.*

Plaintiff concedes that the trial court incorrectly applied the law, but argues that we could conclude that the trial court also found that defendant did not meet his burden of proof and affirm on the basis that the trial court reached the correct result. We disagree.

The rule that allows us to affirm a correct result, even if the reasons given are erroneous, is limited to judgments that, based upon the law and the evidence, can be reached upon any reasonable theory, *Ugbaja v. Sumpter*, 821 S.W.2d 557, 559 (Mo.App.1991), as long as that legal theory is consistent with the pleadings. *Cottonhill Inv. v. Boatmen's Nat. Bank*, 887 S.W.2d 742, 743 (Mo.App.1994) (quoting *Morris v. Western Casualty and Surety Company*, 421 S.W.2d 19, 21 (Mo.App. 1967)). *See also, Ledbetter v. Director of Revenue*, 950 S.W.2d 656, 659 (Mo.App. 1997). Further, we cannot affirm under this rule if affirmance would require us to engage in functions properly reserved to the trial court, such as weighing evidence and assessing credibility. *Lock v. Bennartz*, 470 S.W.2d 801, 802 (Mo.1971); *Centerre Bank of Branson v. Campbell*, 744 S.W.2d 490, 498 (Mo.App.1988).

Defendant offered evidence in support of his claim. However, it is apparent that the trial court did not evaluate this evidence to determine if defendant met the clear and convincing standard. Instead, it applied an incorrect rule of law that precluded such an evaluation. The determination of whether defendant's evidence was clear and convincing requires the *trial court* to weigh the evidence and assess the credibility of the witnesses. *Lock*, 470 S.W.2d at 802. Here, the judgment was based on an error of law that caused the issue of whether defendant impeached the sheriff's return to remain unaddressed by the trial court. In the absence of an assessment of the weight and credibility of defendant's evidence by the trial court, we cannot hold that the judgment is supported by the evidence under the guise of affirming a correct result under a different theory. Because the court's legal error caused the issues of weight and credibility to remain unaddressed, the judgment must be reversed and the cause remanded. *Centerre Bank*, 744 S.W.2d at 498.

We reverse and remand for further proceedings consistent with this opinion. Defendant's motion to strike portions of plaintiff's brief is denied as moot.

PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR., J. concur.