

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| T WESTFALL PLAZA WCR MO, LLC, | ) | No. ED111960 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-AC03682 |
| | ) | |
| SJB RESTAURANT GRP., LLC, | ) | |
| AND CORTEZ BURNETT, | ) | Honorable Matthew H. Hearne |
| | ) | |
| Respondents. | ) | Filed: April 30, 2024 |

### Introduction

T Westfall Plaza WCR MO, LLC ("Westfall") appeals the judgment granting the motion of SJB Restaurant Group, LLC ("SJB") and SJB's guarantor, Cortez Burnett ("Burnett"), (collectively, "Respondents") to set aside the circuit court's default judgment in favor of Westfall. In two points on appeal, Westfall asserts that the circuit court erred in setting aside the default judgment pursuant to Rule 74.05(d)[1] because Respondents did not establish good cause or a meritorious defense, respectively. We agree. We reverse and remand for the trial court to enter judgment consistent with this opinion.

---

[1] All statutory references are to RSMo. (cum. supp. 2023) unless otherwise indicated.

**Factual and Procedural Background**

On February 7, 2023, Westfall filed a petition for rent, possession, and damages against Respondents, asserting that lessee SJB breached the lease between Westfall and SJB for a commercial property located at 8025 W. Florissant Avenue, Space H1 in Jennings, St. Louis County. In addition to SJB, the petition asserted actions on guaranty against each of SJB's four guarantors.[2]

The record contains two executed sheriff's returns. One was served on Cortez Burnett by "delivering a copy of the summons and a copy of the complaint to the Defendant/Respondent" at 5860 Delmar Boulevard, St. Louis MO, 63112 on February 23, 2023. The other was served on SJB Restaurant Group, LLC, by "delivering a copy of the summons and a copy of the complaint to: Cortez Burnett, Reg. Agent" at 5860 Delmar Boulevard, St. Louis MO, 63112 on the same date.

None of the parties named in the original petition appeared at the scheduled hearing. The circuit court entered a default judgment in favor of Westfall and against Respondents on March 16. Counsel for Respondents filed a motion to set aside the default judgment on April 21. In support of their motion, as to good cause, Respondents challenged the Service Return on SJB and Cortez Burnett with Burnett's testimony denying that he was served. Westfall argued that Respondents had not established good cause or a meritorious defense.

The court granted Respondents' motion to set aside the default judgment. Westfall appeals.

**Standard of Review**

Ordinarily, we review a circuit court's grant of a Rule 74.05(d) motion to set aside a default judgment for abuse of discretion. *Brungard v. Risky's, Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007).

---

[2] Except for Cortez Burnett, SJB's guarantors are not parties to this appeal.

A circuit court abuses its discretion when the ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration. *State v. Teter*, 665 S.W.3d 306, 318 (Mo. banc 2023). Because we favor trials on the merits, we afford circuit courts broad discretion to grant motions to set aside default judgments and only narrow discretion to deny them. *Brungard*, 240 S.W.3d at 687. Such deference has been afforded whether the Rule 74.05(d) motion is supported by affidavits and exhibits or by live testimony. *Id.* at 687. "The general policy favoring disposition on the merits, however, 'must be carefully applied to the facts of each case in the interest of justice; for the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof.'" *Xtra Lease, LLC v. Pigeon Freight Services, Inc.*, 662 S.W.3d 309, 313 (Mo. App. E.D. 2023) (quoting *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989)).

However, in alleging the "good cause" element of Rule 74.05(d), Respondents "challenge[d] service," to argue that they had good cause because they were not properly served. "Proper service of process is a prerequisite for personal jurisdiction." *A.R.J. v. C.M.L.*, 575 S.W.3d 738, 741 (Mo. App. E.D. 2019) (citing *Killingham v. Killingham*, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017)). Rule 74.06(b)(2) permits a court, upon motion by a party, to vacate a judgment as void for lack of personal jurisdiction. Rule 74.06(b)(2). The existence of personal jurisdiction is a question of law. *Bate v. Greenwich Ins., Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015). Thus, while we typically review a circuit court's ruling on a Rule 74.05(d) motion for abuse of discretion, where "the specific claim asserts the court lacked personal jurisdiction over a party, because jurisdiction is a question of law, we review de novo whether the judgment is void on jurisdictional

grounds." *M.F.S.D.-C.S.E. v. J.M.*, 651 S.W.3d 834, 837 (Mo. App. E.D. 2022) (citing *Bate*, 464 S.W.3d at 517).

Here, while Respondents moved for relief under Rule 74.05(d), we review de novo their "good cause" assertion of insufficient service. *See Pigeon Freight*, 662 S.W.3d at 313 (applying de novo review to Rule 74.05(d) good cause determination).

**Discussion**

In its first point on appeal, Westfall argues that the circuit court erred in granting Respondents' amended motion to aside the default judgment, alleging that Respondents failed to show good cause because the totality of the evidence and circumstances established that Respondents were properly served and acted recklessly by failing to hire counsel or appear for the hearing. In its second point on appeal, Westfall argues that there was an insufficient factual basis for the circuit court to have concluded that Respondents presented evidence of a meritorious defense under the totality of the circumstances.

Rule 74.05(d) authorizes the circuit court to set aside a default judgment "[u]pon motion stating facts" showing good cause and a meritorious defense, if the motion is filed within a reasonable time, not to exceed one year. *Vogel v. Schoenberg*, 620 S.W.3d 106, 111 (Mo. App. W.D. 2021). However, "[f]ailure to establish either the 'good cause' or 'meritorious defense' element of a motion pursuant to Rule 74.05(d) is fatal to the motion." *Hanlon v. Legends Hosp. LLC*, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019) (quoting *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 709 (Mo. App. W.D. 2011)). Because Respondents failed to establish good cause, we need not consider whether Respondents presented a meritorious defense.[3]

---

[3] Since Westfall does not assert that the motion to set aside the default judgment was not filed "within a reasonable time, not to exceed one year," we need not consider this aspect of Rule 74.05(d). *Vogel*, 620 S.W.3d at 111.

When reviewing a circuit court's determination of good cause under Rule 74.05(d), we view the evidence in the light most favorable to the ruling and consider only whether there was a sufficient factual basis for the circuit court's determination under the totality of the circumstances. *Liora Tech, Inc. v. United Med. Network, Inc.*, 662 S.W.3d 334, 337 (Mo. App. E.D. 2023) (citing *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 478 (Mo. App. E.D. 2022)). "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Liora Tech*, 662 S.W.3d at 338. The Supreme Court has elaborated that "[g]ood cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer." *Id.* (quoting *In re Marriage of Callahan*, 277 S.W.3d 643, 645 (Mo. banc 2009)). "Recklessness," for Rule 74.05(d) purposes, "includes making a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man." *Vogel*, 620 S.W.3d at 111 (internal citations omitted).

Westfall presented the sheriff's returns showing that both Burnett and SJB had been served. A return of service is considered prima facie evidence of the facts recited therein. Rule 54.22(a). "Consequently, the return creates a presumption of proper service that can be impeached only by clear and convincing evidence that a party was not served." *Pigeon Freight*, 662 S.W.3d at 315-16 (citing *Morris v. Wallach*, 440 S.W.3d 571, 578 (Mo. App. E.D. 2014)). As parties challenging the returns of service, Respondents bear the burden of producing "clear and convincing evidence" showing they were not properly served. *M.F.S.D.-C.S.E.*, 651 S.W.3d at 837.

Clear and convincing evidence is that which "tilts the scales in the affirmative when weighted against the evidence in opposition; evidence which clearly convinces the fact finder of

the truth of the proposition to be proved." *Smith v. Square One Realty Co.*, 92 S.W.3d 315, 316 (Mo. App. E.D. 2002) (internal quotation omitted).

Respondents alleged good cause for failing to respond to Westfall's petition with the testimony of SJB's registered agent, Burnett, that neither he nor SJB were served. Under Rule 54.22(b), a "party served" is "permitted to show *the true facts of service* and impeach the return when the return does not comport with the facts as found by the court." Rule 54.22(b) (emphasis added). However, as the plain language of Rule 54.22(b) suggests, movant cannot meet the heavy "clear and convincing" burden to impeach a presumptively valid sheriff's return solely by testifying that they were not served, without introducing supporting facts to contradict the facts reported by the return. *See, e.g., Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 580 (Mo. App. E.D. 1986).

In *Hoffman*, the circuit court granted the movant's motion to set aside the default judgment based solely upon his testimony that he was not served. *Id.* at 581 ("However, when questioned whether he had been served in this matter, [the movant] responded, 'Not that I recall.' No corroborating evidence and circumstances were presented."). Collecting authority from other jurisdictions, the *Hoffman* Court reversed the circuit court's setting aside of the default judgment, holding that "clear and convincing evidence *corroborating* the denial of the party alleged to have been served is necessary to impeach the verity of the return." *Id.* at 580 (emphasis added). Applying this "clear and convincing" standard, the Court expressly held that the movant's testimony that he had not been served did not meet the "heavy burden" of clear and convincing evidence. *Id.* at 580-81.[4]

---

[4] Because the Court in *Hoffman* had, for the first time, clarified that the "clear and convincing" standard applied to motions to set aside a default judgment in light of the 1984 legislative amendment to Rule 54.22, the Court reversed and remanded with instructions to permit the parties to present additional evidence concerning service of process and

Cited with approval in *Hoffman*, persuasive authority from our sister states clarifies why movants cannot rely solely on a testimonial allegation that they were not served to establish good cause when impeaching a sheriff's return. "[T]he stability of judicial proceedings requires that the return of a sheriff made in due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process was served." *Id.* (citing *Nibco, Inc. v. Johnson*, 98 Ill.2d 166, 171, 456 N.E.2d 120, 123 (1983) and *Whitworth v. Morgan*, 46 Ill.App.3d 292, 296, 360 N.E.2d 1198, 1201 (1977)). Courts in Florida and Maryland likewise have held that a blanket testimonial denial of receipt of service is insufficient to impeach a presumptively valid sheriff's return, reasoning that "[t]his is because the testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability." *Slomowitz v. Walker*, 429 So.2d 797, 799 (Fla. 4th DCA 1983) (citing *Ashe v. Spears*, 263 Md. 622, 284 A.2d 207, 210 (Md.1971), *cert. denied*, 406 U.S. 958 (1972)).

In apparent contrast to *Hoffman*, we recognize *State ex rel. Dep't of Soc. Servs. Div. of Child Support Enf't v. Stone*, 71 S.W.3d 643 (Mo. App. W.D. 2002), in which the Western District reversed the circuit court's setting aside of a default judgment. In *Stone*, the Western District espoused that the movant's testimonial denial of service "was the only evidence directly rebutting the return of service," then concluded that "[i]n determining whether Stone's denial of service constituted clear and convincing evidence of improper service, we must defer to the trial court's evaluation of Stone's credibility." *Id.* While such a statement can support the inference that—if believed by the trial court—a movant's mere testimonial "denial of service" can alone constitute

---

to enable the trial court to make a determination based on the quantum of clear and convincing proof of service. Conversely, no such option is available here because "clear and convincing" has been the standard since *Hoffman*.

the clear and convincing evidence required to rebut a facially valid sheriff's return, such is not the case for two reasons.

First, the above statement by the Western District was mere dicta, because the formal holding of the case was: "However, comments made by the trial judge—after setting aside the default judgment—indicate the ruling was improperly influenced by factors other than Stone's testimony."[5] *Id.* Second, the "denial of service" in *Stone* was of a substantially different character than the blanket denial of service in the case at bar. Despite the Western District's characterization of Stone's testimony, rather than simply contesting the conclusion that he was served, Stone contested the specific facts as alleged in the sheriff's return by testifying that "he did not live at the service address" at the time that service was purportedly made. *Cf. State ex rel. DFS v. Sutherland*, 916 S.W.2d 818, 821 (Mo. App. W.D. 1995) (holding that while circuit court was entitled to disbelieve movant's testimony that he did not actually reside at the house listed on the sheriff's return of service, movant failed to clearly and convincingly overcome the prima facie evidence of the facts recited therein because he did not introduce any evidence beyond his testimony when disputing the facts of service).

Recent case law from this Court confirms the approach outlined by *Hoffman* and the above interpretation of *Stone*. In *M.F.S.D.-C.S.E.*, we began with the premise that, when challenging service under Rule 54.22, "a party must do more than simply deny service, the party must present clear and convincing evidence that he or she was not served." *M.F.S.D.-C.S.E.*, 651 S.W.3d at 837. Citing *Stone*, the Court delineated, "[i]n order to rebut the State's prima facie evidence of service, J.M. had to do more than simply deny that he received service or deny that his residence on April 27, 2016 was the Madison address [as reported on the sheriff's return]." *Id.* (citing *Stone*, 71

---

[5] The record reflected the trial judge's admission that his "judgment may have been colored" by a similar case in the week prior, in which an officer was mistaken as to the identity of the person that he had served. *Id.*

S.W.3d at 646). Because, in addition to his testimony, J.M., then under house arrest, had introduced business records from the electronic monitoring service showing that he had not been living at the Madison address when service was attempted, the Court reversed the circuit court's judgment denying J.M.'s motion to set aside the default judgment. *Id.* at 839.

In this case, Burnett's testimony that he did not receive service is insufficient to meet the clear and convincing evidentiary standard necessary to impeach the presumptively valid sheriff's return. Neither the motion to set aside the default judgment itself nor Burnett's testimony articulated *facts*, but instead alleged only the conclusion that Respondents were not served. Respondents have thus failed to carry their burden to show good cause, *Brungard*, 240 S.W.3d at 688, and we need not consider whether they established a meritorious defense. *Hanlon*, 568 S.W.3d at 532.

## Conclusion

For the reasons set forth above, we reverse the judgment of the circuit court setting aside the default judgment and remand for the trial court to enter judgment consistent with this opinion.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.